## BENNIE WRIGHT v. THE STATE

### No. 5029. Decided May 15, 1918.

**1.—Local Option—Statement of Facts—Bill of Exceptions—Sufficiency of the Evidence.**

Where, upon trial of a violation of the local option law and a conviction thereof, from which an appeal was taken, there was neither statement of facts nor bills of exception, and the indictment being sufficient, the judgment is affirmed.

**2.—Same—Indictment—Motion in Arrest of Judgment.**

Where, upon trial of a violation of the local option law, the indictment followed the statutes and approved precedent, there was no error in overruling a motion in arrest of judgment. Following Holloway v. State, 53 Texas Crim. Rep., 246, and other cases.

**3.—Same—Contest—Practice on Appeal—Statutes Construed.**

By article 5728, Revised Civil Statutes, unless contest is made in the District Court of a local option election within thirty days thereafter, it must be conclusively presumed that said election as held and the result thereof are in all respects valid and binding upon the court, and all that it is necessary to

show is that such prohibition law is in force. Following Nobles v. State, 71 Texas Crim. Rep., 121, and other cases.

Appeal from the District Court of Bowie. Tried below before the Hon. H. F. O'Neal.

Appeal from a conviction of the violation of the local option law; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

*Sid Crompton,* for appellant.

*E. B. Hendricks,* Assistant Attorney General, for the State.

PRENDERGAST, Judge.—This is an appeal from a conviction for the violation of the prohibition law in Bowie County, a felony.

There is neither a statement of facts nor a bill of exceptions in the record. The charge of the court, which was in no way excepted to, among other things, instructed the jury that appellant stood charged by indictment with unlawfully having sold intoxicating liquor to C. C. Babb on or about November 5, 1917, in Bowie County, Texas, "after the sale of intoxicating liquors had been prohibited by law in said county, and that he pleaded not guilty." Further, "You are instructed that the sale of intoxicating liquors has been prohibited by law in Bowie County since the 15th day of April, 1910."

The beginning and conclusion of the indictment is regular and in the usual form. Then it alleges: "That Bennie Wright in said county and State (in which said county the sale of intoxicating liquor had been prohibited under the laws of said State), on or about November 5, 1917, did then and there unlawfully and wilfully sell to C. C. Babb intoxicating liquor after an election had been held March 5, 1910, in said Bowie County by the qualified voters thereof in accordance with the law to determine whether or not the sale of intoxicating liquors should be prohibited in said Bowie County and the Commissioners Court of said county had duly made, passed and entered its order declaring the result of said election and prohibiting the sale of intoxicating liquor in said Bowie County as required by said law, and the county judge of said county had caused said order to be published in the manner and form and for the length of time required by law."

No motion was made to quash the indictment nor was it in any way attacked before the conviction. After the conviction appellant made a motion for a new trial and to arrest the judgment on the grounds that the indictment failed to allege: (1) That at said election so held it resulted in prohibiting the sale of such liquor in said county; (2) that at such election the majority of the qualified voters voted in favor of prohibiting the sale of such liquors; (3) that upon such a result the Commissioners Court declared the result of said election in said county.

The indictment, as seen therefrom, plainly avers: (1) That on

March 5, 1910, an election was held in Bowie County, by the qualified voters thereof, to determine whether or not the sale of intoxicating liquors should be prohibited therein; (2) and the Commissioners Court of said county had duly made, passed and entered its order declaring the result of said election and prohibiting the sale of such liquor in said county; (3) that on or about November 5, 1917, appellant in said State and county, unlawfully and wilfully sold such liquor to said Babb; (4) that at the time he made that sale, the sale of such liquor had been prohibited in said county under the laws of said State.

The statute prescribing said offense (art. 597, P. C., by the Act of 1909, p. 356) is: "If any person shall sell any intoxicating liquors in any county . , . in which the sale of intoxicating liquors shall hereafter be prohibited under the laws of this State, . . . he shall be punished by confinement in the penitentiary,"—fixing the term.

Article 464, C. C. P., is: "Selling Intoxicating Liquor; Sufficient Allegations as to.—In an indictment for selling intoxicating liquors in violation of any law of this State, it shall be sufficient to charge that the defendant sold intoxicating liquors contrary to law, naming the person to whom sold, without stating the quantity sold; and, under such indictment, any act of selling in violation of the law may be proved." See also arts. 453 and 460, C. C. P.

The averments in the indictment herein completely comply with these statutes, and are all, if not more, than are necessary to charge the offense.

The averments in said indictment necessarily include and embrace each of the averments which appellant claims was omitted therefrom, even if it could be held they were omitted or necessary. Holloway v. State, 53 Texas Crim. Rep., 246; Williams v. State, 52 Texas Crim. Rep., 430; Stephens v. State, 97 S. W. Rep., 483; Shilling v. State, 51 S. W. Rep., 240. See also other cases cited in sec. 1222, 1 Branch's Ann. P. C.

By the Act of 1907, page 417, now article 5728, Revised Statutes, anyone who desires to contest any prohibition election shall do so in the District Court within thirty days after the result thereof is declared by the Commissioners Court. In such contest the District Court has exclusive jurisdiction to determine all questions relative to the legality and validity of said election, etc., to try and determine all matters connected therewith, including the petition therefor, and all proceedings and orders relative thereto, embracing final count, and declaration and publication of the result putting local option into effect. The result of such contest shall finally settle all questions relating to the validity of said election, and it shall not be permissible to again call the legality of said election in question in any other suit or proceeding; "and if no contest of said election is filed and prosecuted in the manner and within the time provided above, it shall be conclusively presumed that said election as held and the result thereof declared are in all respects valid and binding upon all courts."

The record herein in no way shows or intimates that any such contest was filed. Hence it is conclusive there was none. Under such circumstances, this court has all the time, and in a large number of cases, held that said law binds and is conclusive on this, and all other courts, and upon all persons. Some of them are cited in 1 Branch's Ann. P. C., sec. 1228.

Under said Act and the other laws, at most, all that is required to allege to show the prohibition law is in force, and as to such matter make a good indictment, is that such prohibition election had been held (Nobles v. State, 71 Texas Crim. Rep., 121, and cases there cited), the result thereof declared by an order of the Commissioners Court, and an order of 'the Commissioners Court made and entered prohibiting the sale of such liquor, and that such order had been duly published in accordance with law.

This indictment did all this, and more too, as shown above.

In Doyle v. State, 59 Texas Crim. Rep., 60, this court, through Judge Ramsey, after citing said Act of 1907 above, said, "We must and shall assume, that the judgment and decree putting local option in force and the proclamation of the county judge, had the effect to institute the law in that county, and that this presumption and conclusion are conclusive on us and on appellant."

As there is no statement of facts we must conclude that everything necessary to be proved to put the prohibition law in force was proved.

The judgment is affirmed.

*Affirmed.*