JACK NAYLOR v. STATE.

No. 26,627. January 6, 1954.
Rehearing Denied March 3, 1954.
Appellant's Second Motion for Rehearing Denied
(Without Written Opinion) March 31, 1954.

*Potter & Cooper*, [*J. W. Cooper, Jr.*, of counsel], **Corpus Christi**, for appellant.

*Wesley Dice*, State's Attorney, Austin, for the state.

BELCHER, Judge.

Appellant was convicted upon a complaint and information which charged that he did "unlawfully and willfully set and run a gill net in Baffin Bay in Kleberg County, Texas, the said gill net then and there not licensed according to law," and his punishment was assessed at a fine of $150.

The prosecution was based upon Art. 946, P.C.

It is contended that prior to the alleged commission of the offense in this case Art. 946, P.C., was repealed by implication by the enactment of Art. 934a, P.C.

An examination of Art. 946, P.C., reveals that it regulates the use of nets in the salt waters of this state by any person, and that Art. 934a, P.C., provides for a privilege license for

any person before engaging in the business of a commercial fisherman or a fish dealer in any of the waters of this state. Art. 934a, P.C., does not expressly repeal Art. 946, P.C. These articles are not contradictory and may exist at the same time, each being applicable to a different set of facts. Hence, there is no repeal by implication of Art. 946, P.C., by the later enactment of Art. 934a, P.C.

Appellant timely presented his motion to quash the complaint and information upon the ground that they failed to allege that the gill net was set and run in the salt waters of this state.

The court, as presently constituted, is inclined to agree with the view of Judge Lattimore in Taylor v. State, 132 Tex. Cr. R. 58, 102 S.W. 2d 219, wherein he stated that the provisions of Art. 926, P.C., were "sufficient to establish the fact that all lakes in this state 'except tidal bays or coastal waters' are fresh water lakes, and that it being alleged that Lake Wichita is in Wichita County, which is judicially known to be a great distance from any tidal bays or coastal waters, makes this information, for every purpose, as though it in so many words alleged that Lake Wichita was a fresh water lake."

Likewise, in the instant case, the information alleging that this offense was committed in Baffin Bay in Kleberg County, Texas, was equivalent to alleging that the gill net was set and run in the salt waters of this state.

Finding no reversible error, the judgment of the trial court is affirmed.

Opinion approved by the Court.

ON MOTION FOR REHEARING.

MORRISON, Judge.

Appellant again urges us to hold that Article 946, V.A.P.C., was repealed by implication by the adoption of Article 934a, V.A.P.C. He says that he would be inclined to agree with our opinion if there was any other statute in Texas which required or authorized a license for the use of nets. An examination of Article 946 shows it to be complete in itself. We need not look to any other statute because Article 946 itself contains the provision, "The Commissioner shall then issue to the owner of it

a permit to use such seine or net for one year from the date of such permit," and makes it an offense for any person to fail to have a permit for such net.

The only effect of the repeal of Article 4044, V.A.C.S., and the enactment of Article 934a is to change the "cost of such tag" set forth in Article 946.

Article 934a provides for a permit to be issued to *commercial* fishermen. Article 946 provides for a permit to be issued to the owner of any net who makes application therefor. As the law now stands, the state may prosecute under Article 934a if it can prove that the operator of the unlicensed net is a commercial fisherman and prosecute under Article 946 if one is found operating an unlicensed net and the state is not in a position to prove that he is doing so for profit.

Remaining convinced that we properly disposed of this cause originally, appellant's motion for rehearing is overruled.