Billy William VINSON, Jr., Appellant,

v.

The STATE of Texas, Appellee.

No. 61551.

Court of Criminal Appeals of Texas, Panel No. 1.

Dec. 9, 1981.

Tom Lambright, Houston, for appellant.

Carol S. Vance, Dist. Atty. and George McCall Secrest, Jr., John Patrick McKenna, Asst. Dist. Attys., Houston, Robert Huttash, State's Atty., Austin, for the State.

Before ROBERTS, CLINTON and McCORMICK, JJ.

OPINION

CLINTON, Judge.

This is an appeal of a conviction for "shrimping in closed waters, as charged in the complaint," punishment being a fine of $101.

The complaint alleges that on a certain date in Harris County appellant did:

"use a shrimp trawl in the public waters of this State to wit: Burnett Bay, while said waters having closed to the using of said shrimp trawl..."

We are informed by the State that the complaint was drawn with an eye to V.T.C.A. Parks and Wildlife Code, § 201.012(a), *viz*:

"No person may attempt to take any ... shrimp ... by the use of a seine, drag, fyke, setnet, trammel net, trap, dame, or weir from a bay or other navigable water in Harris County within one mile of the limits of a city." [1]

Though appellant prepared, filed and presented an extensive motion to dismiss the complaint on constitutional grounds, he has not challenged the legal sufficiency of the complaint. However, the State commendably directs our attention to the complaint and invites consideration of whether "all the constituent elements of the offense have been properly alleged so as to invoke the jurisdiction of the trial court." That question must be first addressed for if the trial court was without jurisdiction, the constitutional problems are not properly before us.

■ By virtue of V.T.C.A. Penal Code, § 1.03 the provisions of Titles 1, 2 and 3 of the penal code apply to offenses defined by and under the Parks and Wildlife Code since the latter does not provide otherwise. Thus, among others, the culpability requirements of Chapter 6, Title 2, particularly 6.02(b) and (c), apply to § 201.012 of the Parks and Wildlife Code. See *Goss v. State*, 582 S.W.2d 782 (Tex.Cr.App.1979). We further find that the culpable mental states thereby required for the offense prescribed are intentionally and knowingly.[2]

The offense, called here "shrimping in closed waters," was formerly labeled "Seining within one mile from city," Article 947, Penal Code (1925). That shorthand rendition points out another essential element of the offense that has been retained in § 201.012(a)—that the conduct take place "within one mile of the limits of a city." We find the complaint here is fundamentally defective for its failure to charge appellant with committing an act that is prohibited only if done within the statutorily specified range of one mile from a city limit.

■ A charging instrument should state that which is necessary to be proved. Article 21.03, V.A.C.C.P. Compare *Naylor v. State*, 159 Tex.Cr.R. 583, 265 S.W.2d 831 (1954) and also see requisite allegations of violating the former prohibition law in a particular area discussed in, e.g., *Wright v. State*, 83 Tex.Cr.R. 415, 203 S.W. 775 (1918). As is ordinarily the case, e.g., *Clark v. State*, 577 S.W.2d 238, 240 (Tex.Cr.App. 1979), so here the complaint would have been sufficient to charge an offense had it simply set forth the applicable statutory language.[3] See *Martinez v. State*, 500 S.W.2d 151, 153 (Tex.Cr.App.1973).

For failure to allege a culpable mental state of intentionally or knowingly and to

1. Change the name to Galveston County and the content of § 184.023(a) is stated. That section is cited throughout by appellant, surely inadvertently.

2. Since § 201.021 may be traced through former penal codes to 1897, see Historical Note and 3 Branch's Annotated Penal Code (2nd Ed.) 652, Art. 947, its use of the word "attempt" might well be construed to mean "intentionally." See, e.g., *Telfair v. State*, 565 S.W.2d 522, 524 (Tex.Cr.App.1978)(Opinion on Rehearing). However, as shall be shown, the complaint in this instant case also omits another essential element of the offense which is coupled with intent or knowledge, and we are not prepared to strain "attempt" that much.

3. Alleging the waters of Burnett Bay had been closed to use of a shrimp trawl, if we may paraphrase the complaint, is really no more than stating a conclusion, without setting out facts that constitute an offense under § 201.012. That kind of pleading has consistently been held bad. *Posey v. State*, 545 S.W.2d 162 (Tex.Cr.App.1977). We also note that use of "a shrimp trawl" is not *eo nomine* proscribed by that statute, although one or more of the implements that are listed may be commonly understood or shown to include "a shrimp trawl."

include the essential element of distance relationship to the limits of a city, the complaint is fundamentally defective.[4] *American Plant Food Corp. v. State*, 508 S.W.2d 598 (Tex.Cr.App.1974).

The judgment of conviction is reversed and the prosecution under the complaint is dismissed.

It is so ordered.

---

**4.** We call attention to the form of charging instrument for this offense suggested by Morrison & Blackwell, Criminal Forms Annotated, § 26.35, 7 Texas Practice 178:

"A.B. did then and there intentionally and knowingly attempt to take... shrimp... by the use of a seine... from a bay, to wit: [Burnett Bay] then and there within one mile of the limits of the city of [Baytown], County of [Harris] in said state."