**Wilburn H. WHITEHEAD, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 582–86.**

Court of Criminal Appeals of Texas.

Jan. 27, 1988.

---

Louis Dugas, Jr., Orange, for appellant.

Bill A. Martin, Dist. Atty., Newton, Charles R. Mitchell, Asst. Dist. Atty., San Augustine, Robert Huttash, State's Atty., Austin, for the State.

## OPINION ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW

MILLER, Judge.

Appellant was convicted by a jury of felony theft of timber. The jury assessed punishment at ten years confinement in the Texas Department of Corrections and fined appellant $10,000.00. On appeal to the Beaumont Court of Appeals, the conviction was affirmed. *Whitehead v. State*, 710 S.W.2d 645 (Tex.App.–Beaumont 1986). Appellant petitioned this Court for discre-

tionary review to determine whether the Court of Appeals erred in finding that the trial court properly overruled appellant's motion to quash the indictment. We will reverse the conviction and order that the indictment be dismissed.

The indictment filed against appellant in the instant case alleged in pertinent part:

"[appellant did then and there] intentionally and knowingly, appropriate by acquiring and otherwise exercising control over, property, to-wit: timber of the value of more than $10,000.00, without the effective consent of PHILIP B. LUCAS, owner and possessor of said property, with the intent to deprive the owner of said property."

Appellant filed a pre-trial motion to quash the indictment wherein he alleged that the indictment was insufficient because it failed to "describe the number or kind of timber alleged to have been taken,"[1] and that it failed to give notice

"that it is aggregating amounts and there is no pleading setting forth the requirement of Section 31.09 Penal Code of Texas."

The trial court overruled appellant's motion.

Before the Beaumont Court of Appeals, appellant argued that the trial court erred in overruling his motion to quash on the preceding two grounds. Since we find reversible error concerning the Court of Appeals' disposition of appellant's aggregation claim, we will not address the claim that the indictment was insufficient for failure to describe the number and kind of timber alleged to have been taken.

On appeal to the Court of Appeals, appellant argued that the indictment should have given notice that the amounts were being aggregated. The Court of Appeals noted that V.T.C.A. Penal Code, § 31.09, provides that:

When amounts are obtained in violation of this chapter *pursuant to one scheme or continuing course of conduct*, whether from the same or several sources, the conduct may be considered as one of-

---

1. Because of our disposition of appellant's sec- ond contention, we do not address this ground.

fense and the amounts aggregated in determining the grade of the offense. [Emphasis in Court of Appeals' opinion.] The Court stated:

"The evidence in this case demonstrates, without contradiction, that timber is a commodity which can be appraised or measured by three different scales. ... And, in using these three scales, a different volume of timber would be ascertained. The indictment is in plain language. Under this unusual record, we find he had full and fair notice of the charges against him.... It is demonstratively shown from the record that the Appellant's able attorneys were able to thoroughly and intelligently cross-examine all the State's witnesses concerning the species of trees, the kind of timber, the amount, the value and the appraisals of the marketable timber taken. A careful review and analysis of the cross-examinations in this case lucidly show that the Appellant received adequate notice from the allegations in the indictment."

*Whitehead,* supra at 655.

In his petition for discretionary review, appellant contends that the decision of the Court of Appeals is incorrect because it conflicts with this Court's decision in *Turner v. State,* 636 S.W.2d 189 (Tex.Cr.App. 1980).

In *Turner,* id., the defendant owned and operated a weight control clinic. Using a doctor's medicaid number and signature stamp, the defendant submitted fraudulent claims for medical services, which were processed and paid by an insurance company. The defendant was charged with theft of $10,000.00 or over. On appeal, the defendant argued that the indictment did not provide notice that the claims were aggregated to the $10,000.00 amount. We held that the State could not aggregate the amounts taken unless the thefts were pursuant to one scheme or continuing course of conduct. Moreover, we stated:

"Section 31.09 is similar to Section 31.-03(d)(4)(C) [Texas Penal Code] in that it prescribes a higher punishment for certain conduct, namely, obtaining amounts in violation of Chapter 31 'pursuant to one scheme or continuing course of conduct, whether from the same or several sources....' ... Even more clearly than in *Gant,* supra [606 S.W.2d 867 (Tex.Cr. App.1980)], this condition is an element of the offense which the defendant may require the State to plead and the court to charge the jury."

*Turner,* supra at 196.

 The *Turner* result arises from the rule that everything that must be proved must be pleaded in the indictment. See *Harrell v. State,* 643 S.W.2d 686 (Tex. Cr.App.1982) and *Vinson v. State,* 626 S.W.2d 536 (Tex.Cr.App.1981). Since the State may aggregate the values of particular items of property only if that property was taken during a continuing course of conduct, *the State must allege that the property was so taken* in the indictment. Thus, according to *Turner,* supra, the allegation that the values of the property taken were aggregated because that property was taken pursuant to a continuing course of conduct *is an element of the offense and must be included in the indictment.* See also *Cashion v. State,* 657 S.W.2d 517 (Tex.App.–Corpus Christi 1983, review refused), at 519, and cases cited therein.

Several cases have been reviewed where the indictment properly alleged the aggregation allegation. In *Wages v. State,* 573 S.W.2d 804 (Tex.Cr.App.1978), the indictment alleged commission of thefts and included the following:

"And all of said amounts were obtained, as alleged, in one scheme and continuing course of conduct, and the aggregate amount of the amounts stolen was over two hundred dollars and under ten thousand dollars."

*Id.,* at 804, fn. 1.

In *Cashion,* supra at 518, the indictment contained the allegation that:

"[The defendant] did then and there pursuant to one scheme and continuing course of conduct steal money in the aggregate value of over $10,000.00 by committing the following acts of theft ... ."

These examples are not the only way in which the allegation of aggregation may be

properly made, but rather are intended as illustrative.

Moreover, since Art. 31.09, supra, says that "the conduct may be considered as one offense", each separate theft need not be alleged. Rather, the offenses may be aggregated according to Art. 31.09, supra, as long as the offenses were committed pursuant to the same scheme or one continuous course of conduct, and the proper allegations are included in the charging instrument.

In the instant case, the indictment does not allege that the amount was obtained by aggregating the values of property stolen pursuant to one continuing course of conduct or scheme. Thus, an essential element of the offense was not included in the indictment. Because the Court of Appeals erred in not so finding, appellant's third ground for review must be sustained.

Accordingly, we reverse the judgments of the trial court and the Court of Appeals, and we remand the case to the trial court with instructions to dismiss the indictment.