IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN



 




NO. 3-91-399-CR




CORINNE ANN SCHLUEDER,



 APPELLANT


vs.





THE STATE OF TEXAS,



 APPELLEE


 




FROM THE DISTRICT COURT OF COMAL COUNTY, 22ND JUDICIAL DISTRICT



NO. CR91-117, HONORABLE ROBERT T. PFEUFFER, JUDGE PRESIDING



 





PER CURIAM

 The district court found appellant guilty of theft of property having a value of $750
or more but less than $20,000. Tex. Penal Code Ann. § 31.03 (1989 & Supp. 1992). The court
assessed punishment at imprisonment for ten years and a $2000 fine, but suspended imposition
of sentence and placed appellant on probation.

 In two related points of error, appellant contends that the indictment was fatally
defective and that the court found her guilty of an offense not alleged in the indictment. In a third
point of error, appellant urges that the State failed to prove an essential element of the offense. 
We find these points of error to be without merit and affirm the judgment of conviction.

 Appellant was employed as a clerk at Boondock's General Store, a small grocery
store in Spring Branch, from May 1, 1990, until she was fired on November 6. Soon after she
began working at the store, the owners, Michael and Kathryn Duross, began to suspect her of
theft. Michael Duross, who had previously been employed by a security service, set up a
concealed video camera to record the activities at the sales counter. Over the course of several
weeks, appellant was videotaped taking money from the cash register and pocketing money
tendered by customers. Duross took this evidence to the police. When confronted, appellant gave
a written statement in which she admitted taking money that should have been placed in the cash
register. She estimated the amount she stole in this manner to be less than one thousand dollars,
"but I feel it fair to say I've stolen at least seven hundred fifty dollars maybe a few dollars more." 
The Durosses testified that appellant stole more than $5000 dollars.

 The indictment alleges that appellant:



on or about and beginning on the 7th day of May, A.D., 1990, and before the
presentment of this indictment . . . did then and there knowingly appropriate, by
acquiring and exercising control over, property, to-wit: legal currency of the
United States of the value of $750.00 or more, but less than $20,000.00 from the
owner, Michael Duross . . . without the effective consent of the owner and with
intent to deprive said owner of the property.



In point of error one, appellant argues that the indictment is fatally defective in that it does not
allege that she appropriated the money "pursuant to one scheme or continuing course of conduct." 
Tex. Penal Code Ann. § 31.09 (1989). In point of error two, appellant argues that because the
State proved only that she appropriated money having an aggregate value in excess of $750, and
not a single theft of that amount, she was found guilty of an offense not alleged in the indictment.

 Section 31.09 provides:



 When amounts are obtained in violation of this chapter pursuant to one
scheme or continuing course of conduct, whether from the same or several sources,
the conduct may be considered as one offense and the amounts aggregated in
determining the grade of the offense.



Tex. Penal Code Ann. § 31.09 (1989). The court of criminal appeals has stated that if the State
intends to rely on this section of the code, it must allege that the value of the property allegedly
taken was obtained by aggregating the values of property stolen pursuant to one scheme or
continuing course of conduct, and that such an allegation is an essential element of the offense. 
Whitehead v. State, 745 S.W.2d 374, 376 (Tex. Crim. App. 1988); Turner v. State, 636 S.W.2d
189, 196 (Tex. Crim. App. 1982) (opinion on rehearing). It is undisputed that the State, in order
to prove a felony offense, relied on the aggregate value of the money stolen by appellant over
several months.

 In order to complain on appeal that an element of the offense was omitted from the
charging instrument, the defendant must object before the trial on the merits commences. Studer
v. State, 799 S.W.2d 263, 272 (Tex. Crim. App. 1990); Tex. Code Crim. Proc. Ann. art. 1.14(b)
(Supp. 1992). Appellant first voiced her complaint with regard to the instant indictment during
the State's presentation of its evidence. Because the objection came too late, appellant's first point
of error was waived.

 We also note that recent opinions by the court of criminal appeals cast considerable
doubt on the continuing validity of Whitehead and Turner. It is now settled that there is but a
single offense of theft, and that its elements are set out in full in § 31.03(a). Ex parte Luna, 784
S.W.2d 369 (Tex. Crim. App. 1990); Berg v. State, 747 S.W.2d 800, 808-09 (Tex. Crim. App.
1988) (opinion on rehearing); McClain v. State, 687 S.W.2d 350, 353-55 (Tex. Crim. App.
1985). As stated in Berg:



 It is now clear that the State need only allege that the person charged (1)
"unlawfully" appropriated personal property (2) with the intent to deprive the
owner of the property. . . . If the State alleges these elements, then they have
alleged all that is necessary to establish that the accused has been charged with a
crime and all that is necessary to give the accused notice of the crime of which he
is accused. The State need not plead the manner of acquisition or the
circumstances surrounding the offense. The manner of acquisition or circumstance
surrounding the acquisition are merely evidentiary matters and there is no
requirement that the State plead evidentiary matters.


. . .


 Thus, it can be seen that whatever theory the State presents as to how the
offense occurred is irrelevant. So long as the evidence is sufficient to prove that
appellant unlawfully appropriated the property in question with the "intent to
deprive the owner of the property" appellant's conviction must stand.



747 S.W.2d at 809.

 The issue in Luna, Berg, and McClain was whether the provisions of § 31.03(b)
must be alleged in a theft indictment; that is, whether the State is required to specify why the
defendant's appropriation of property was unlawful. These opinions hold that such an allegation
is not necessary and overrule prior opinions to the contrary. While they do not directly address
the need to allege a scheme or continuing course of conduct, the reasoning employed in these
opinions is plainly inconsistent with Turner and Whitehead. Like § 31.03(b), § 31.09 does not
define a separate offense. It merely describes one manner by which the offense defined by 
§ 31.03(a) may be committed. Under the sound reasoning of Luna, Berg, and McClain, whether
the defendant's manner of appropriating the property was a single taking or a series of takings
pursuant to a scheme or continuing course of conduct is an evidentiary matter, not an element of
the offense. See also Ex parte Porter, No. 71,177 (Tex. Crim. App., March 25, 1992) (applying
reasoning of McClain and Berg to forgery statute, and overruling prior opinions). The first point
of error is overruled.

 The indictment in this cause alleges that appellant stole over $750, thus stating a
felony offense of which the district court had jurisdiction. See DeDonato v. State, 819 S.W.2d
164 (Tex. Crim. App. 1991). The State proved appellant stole over $750 pursuant to a continuing
course of conduct, as it is authorized to do by § 31.09. Appellant was not convicted of an offense
different from that alleged. The second point of error is overruled.

 In her final point of error, appellant contends the State failed to prove that the
appropriation was unlawful because it failed to prove that it was without the owner's effective
consent. § 31.03(b)(1). Appellant correctly points out that the named owner, Michael Duross,
was not asked if he did or did not consent to appellant's appropriation of his property. But his
wife, Kathryn Duross, testified that neither she nor her husband consented to the appropriation. 
This evidence is sufficient. The point of error is overruled.

 The judgment of conviction is affirmed. 


[Before Justices Powers, Jones and Kidd]

Affirmed

Filed: April 22, 1922

[Do Not Publish]