NUMBER 13-00-320-CR

COURT OF APPEALS

THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI

__________________________________________________________________

IRMA LOPEZ , Appellant,


v.



THE STATE OF TEXAS, Appellee.

__________________________________________________________________


On appeal from the 94th District Court

of Nueces County, Texas.

__________________________________________________________________



O P I N I O N

Before Justices Dorsey, Hinojosa, and Rodriguez

Opinion by Justice Dorsey



By two points of error, appellant, Irma Lopez, appeals her conviction for felony theft. See Tex. Pen. Code Ann. § 31.03
(Vernon 1995). Appellant first contends the indictment failed to give adequate notice of the offense by failing to identify
by kind and number each individual theft. She also contends she was deprived of effective assistance of counsel because
trial counsel failed to request documentation that would have given him prior notice of all the transactions charged and
failed to familiarize himself with the computer program involved in the transactions. We affirm the conviction.

Facts

The State alleged that Irma Lopez embezzled over $8,000.00 while employed by Zeke Serna Insurance Agency. The
embezzlement took place over the period of time between July through December of 1996, and was accomplished by
numerous thefts occurring during that time wherein Lopez took various amounts of money from the company. The
amounts ranged from as low as $2.00 per incident to as high as $400.00.

I. Failure To Give Due Notice by the Indictment

In point of error one, appellant claims she was deprived of due notice of the offense she was charged with in the indictment.
Specifically, she complains that the indictment was required to allege separately the dates and amounts of each theft with
which she was charged. The indictment in this case read:

Irma Lopez, defendant, in Nueces County, Texas, did then and there intentionally and knowingly appropriate tangible
personal property owned by Mary Serna, namely United States Currency of a value of $1,500 or more but less than $20,000
by acquiring and exercising control over the property without the effective consent of Mary Serna and with the intent to
deprive Mary Serna of the property. 

And it is further presented in and to said amounts were obtained pursuant to one scheme and continuing course of conduct
which began on or about July 12, 1996 and continued until on or about December 20, 1996, against the peace and dignity of
the state.

Appellant argues that each transaction should have been listed in the indictment. We disagree that the failure to list each
transaction amounts to defective notice.

"Both the U.S. Constitution and the Texas Constitution guarantee an accused the right 'to be informed of the nature and
cause of the accusation' against him." Curry v. State, 30 S.W.3d 394, 398 (Tex. Crim. App. 2000); see U.S. Const. amend.
VI; Tex. Const. art. I, § 10. An instrument charging an accused with a crime must convey sufficient notice to allow the
accused to prepare a defense. Curry, 30 S.W.3d at 398. Article 21.11 of the code of criminal procedure details how much
specificity is required in an indictment:

An indictment shall be deemed sufficient which charges the commission of the offense in ordinary and concise language in
such a manner as to enable a person of common understanding to know what is meant, and with that degree of certainty that
will give the defendant notice of the particular offense with which he is charged, and enable the court, on conviction, to
pronounce the proper judgment . . . .

See Tex. Code Crim. Proc. Ann. art. 21.11 (Vernon 1989).

Lopez was charged with violation of Texas Penal Code section 31.09. That statute states:

When amounts are obtained in violation of this chapter pursuant to one scheme or continuing course of conduct, whether
from the same or several sources, the conduct may be considered as one offense and the amounts aggregated in determining
the grade of the offense.

Tex. Pen. Code Ann. § 31.09 (Vernon 1994). The court of criminal appeals has held that "since Art. 31.09 . . . says that 'the
conduct may be considered as one offense', each separate theft need not be alleged." Whitehead v. State, 745 S.W.2d 374,
377 (Tex. Crim. App. 1988). "Rather, the offenses may be aggregated . . . as long as the offenses were committed pursuant
to the same scheme or one continuous course of conduct, and the proper allegations are included in the charging
instrument." Id.

In this case, the indictment alleged that the amounts of money stolen "were obtained pursuant to one scheme and continuing
course of conduct which began on or about July 12, 1996 and continued until on or about December 20, 1996." That is
sufficient to give adequate notice to Lopez of the crime she was charged with. We overrule appellant's first point of error.
See id.; accord Vincent v. State, 945 S.W.2d 348, 350-51 (Tex. App.--Houston [1st Dist.] 1997, pet. ref'd.).

II. Ineffective Assistance of Counsel

Next, appellant contends she was deprived of her right to effective assistance of counsel prior to and during trial because
trial counsel failed to request documentation that would have given him prior notice of all the transactions charged and
failed to familiarize himself with the computer program involved in the transactions.

In addressing the claim this Court will follow the well established test set out in Strickland v. Washington and further
adopted in Texas by Hernandez v. State, requiring a showing that counsels performance failed to constitute reasonably
effective assistance by falling below an objective standard of reasonableness and that but for counsel's performance, the
result of the proceeding would have been different. Strickland v. Washington, 466 U.S. 668 (1984); Hernandez v. State,
726 S.W.2d 53 (Tex. Crim. App. 1986).

In the instant case, no evidence exists in the record to substantiate these claims or to show how the proceedings would have
been different. We must therefore overrule appellant's second point and affirm the trial court's judgment. 

______________________________

J. BONNER DORSEY,

Justice



Do not publish .

Tex. R. App. P. 47.3(b).



Opinion delivered and filed

this 31st day of August, 2001.