

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

---

### NO. PD-1340-14

---

### KEVIN LAVELLE KENT, Appellant

### v.

### THE STATE OF TEXAS

---

### ON STATE'S PETITION FOR DISCRETIONARY REVIEW
### FROM THE FOURTEENTH COURT OF APPEALS
### HARRIS COUNTY

---

**JOHNSON, J., delivered the opinion of the unanimous Court.**

### O P I N I O N

An indictment alleged that appellant, a mortgage broker, had committed theft from four named complainants in an amount exceeding $200,000 and that the thefts occurred over a specified period and were pursuant to one scheme or continuing course of conduct. A jury found him guilty, and the trial court sentenced him to sixty years' imprisonment and ordered him to pay restitution to the named complainants.

On appeal, appellant alleged reversible jury-charge error. The court of appeals agreed, reversed the trial court's judgment, and remanded for a new trial. *Kent v. State*, 447 S.W.3d 408 (Tex. App.—Houston [14th] 2014). We granted the state's petition for discretionary review

challenging that decision.

The state's petition raises three grounds for review.

A. The court of appeals should not have reversed the trial court's decision to reject the appellant's proposed application paragraph because the paragraph was not authorized by the indictment and was an incorrect statement of the law.

B. The court of appeals erred in holding that jurors must unanimously agree beyond a reasonable doubt on each underlying transaction used to comprise an aggregate theft charge.

C. The court of appeals erred in finding that appellant was harmed by any unanimity error in the jury-charge because his defense was not predicated on isolating one transaction from another.

The state argues that appellant's requested jury-charge instruction, which identified each separate transaction in the aggregated theft and required unanimity on each one, "was incorrect because it was phrased in the conjunctive." State's brief on discretionary review at 14. It also asserts that "such unanimity was not required because aggregate theft is considered to be one offense." *Id.* It adds that "appellant was not harmed, either egregiously or otherwise, because his defense did not depend on separating and defeating each individual transaction." *Id.*

Appellant asserts that each theft represents a distinct unit of prosecution under Tex. Penal Code Section 31.09, comprising the owner and his or her associated property. He argues that, although the amounts of the thefts can be aggregated, there must be a unanimous verdict as to each separate unit of prosecution. He also asserts that unanimity is required when the elements are separate and distinct acts constituting the commission of the offense. Appellant also asserts application-paragraph error in failing to instruct the jury that a unanimous decision on the owner and their property was mandated and that listing the complaints in the disjunctive allowed the jury to return a less-than-unanimous verdict on substantive elements. He contends that some harm is

present because six jurors could have found that he appropriated money from one complainant and six others could have found that he appropriated from another, resulting in a less-than-unanimous verdict. He adds that he was further harmed because the state's "improper instructions from the beginning of trial to the end" empowered the jury to deliver a non-unanimous verdict. Appellant's brief on discretionary review at 10.

Appellant was charged with theft of property, namely money, of a value of over two hundred thousand dollars from four named complainants pursuant to one scheme and continuing course of conduct that began on or about May 15, 2003 and continued through March 13, 2008. The evidence reflected the sale of commercial properties, the transfer of large sums of money, and attempts to secure financing for the transactions. The court of appeals describes these transactions in great detail. *Kent v. State*, 447 S.W.3d at 411-13.

At the jury-charge conference for the guilt portion of trial, appellant objected to the application paragraphs "because they do not require the jury to agree unanimously that the State prove beyond a reasonable doubt each element of the offense." IX R.R. 49. He argued that this Court "considers each theft an element of the offense in an aggregated case." *Id*. Appellant also "asked that each underlying theft be listed by date, amount of money, and the owners." *Kent v. State*, 447 S.W.3d at 413. In requesting that the jury be so instructed, appellant specifically recited the participant names, dates, and dollar amounts of multiple transactions. The trial court overruled appellant's objection, and the jury charge did not contain such individual-transaction unanimity instructions.

The court of appeals held that, because the jury charge "did not instruct the jurors that they needed to unanimously agree about what property was stolen from which owners, and all of the potential owners of the property were listed in the disjunctive, the charge was erroneous." *Kent v.*

*State*, 447 S.W.3d at 421. The court then analyzed harm from that error and concluded that appellant "suffered some actual, rather than theoretical harm," reversed the trial court's judgment, and remanded for a new trial. *Id*. at 421-24.

The court of appeals noted that the issue at hand was "whether statutory violations aggregated for purposes of Section 31.09 of the Penal Code, the aggregate theft statute, are elements that the jury must unanimously agree upon, or whether the violations are mere manner and means for which no unanimity is required." *Kent v. State*, 447 S.W.3d at 410. It concluded "that unanimity is required for the gravamina of the underlying statutory violations that are aggregated for purposes of the offense of aggregate theft." *Id*. at 411. The state asserts that such unanimity is not required.

The state's first ground for review complains about appellant's proposed application paragraph. We observe that, in addition to making that proposal, appellant also objected to the application-paragraph language that was included in the jury charge. Specifically, appellant objected to the language as a violation of his rights to due process of law and due course of law under the United States and Texas constitutions because that language "do[es] not require the jury to agree unanimously that the State prove beyond a reasonable doubt each element of the offense." IX R.R. 49. Clearly appellant was objecting to the absence of language that required jury-unanimity for each individual theft that was included within the alleged aggregation of thefts pursuant to one scheme or continuing course of conduct.

The court of appeals identified the correct standard in their statutory analysis, using the "eighth-grade grammar" test to determine legislative intent regarding the gravamen of the offense. *Stuhler v. State*, 218 S.W.3d 706, 718 (Tex. Crim. App. 2007). The court of appeals applied an exception, rather than the general rule of grammar in its analysis, however. It cited *Jourdan v. State*,

428 S.W.3d 86, 96 (Tex. Crim. App. 2014), for the proposition that the phrase "in violation of this chapter" from Section 31.09 was an adverbial phrase that represented "discretely actionable units of prosecution." *Kent v. State*, 447 S.W.3d at 414. In that case, however, this court explicitly stated, "Ordinarily, we have not regarded adverbial phrases as 'elemental' for jury unanimity purposes." *Jourdan*, 428 S.W.3d at 96. The court of appeals analysis subverts the legislative intent to create "one offense" under Section 31.09.

Section 31.09 of the Penal Code provides that, "[w]hen amounts are obtained in violation of [Chapter 31: Theft] pursuant to one scheme or continuing course of conduct, whether from the same or several sources, the conduct may be considered as one offense and the amounts aggregated in determining the grade of the offense." In this case, because the thefts were alleged to have occurred pursuant to a single scheme or continuing course of conduct, the conduct may be considered as one offense and the amounts aggregated.

In *Wages v. State*, 573 S.W.2d 804 (Tex. Crim. App. 1978), pursuant to Section 31.09, we approved of the aggregation of the amounts of three misdemeanor thefts that occurred in one scheme and continuing course of conduct into a single felony offense. We specifically stated, "It is clear that the aggregation principle enunciated in Sec. 31.09 operates to create *one* offense." *Id*. at 806. (emphasis in original.) We have recognized that, "[a]lthough theft under Section 31.09 consists of two or more incidents of theft, the statute makes them one offense." *Graves v. State*, 795 S.W.2d 185, 187 (Tex. Crim. App. 1990). Thus, although appellant was alleged to have committed multiple thefts, pursuant to the Section 31.09 allegations they constituted a single felony offense.

Accordingly, we find that the text of Section 31.09 shows a legislative intent to treat the "scheme or continuing course of conduct" as the culpable criminal behavior rather than each

individual theft used to prove the scheme or course of conduct.

In *Kellar v. State*, 108 S.W.3d 311 (Tex. Crim. App. 2003), we held that, under Section 31.09, the indictment need not allege the specific acts of theft. We also pointed out that each separate theft need not be alleged, but rather the offense may be aggregated pursuant to Section 31.09 as long as the offenses were committed pursuant to the same scheme or one continuous course of conduct. *Id*. at 313. And in *Whitehead v. State*, 745 S.W.2d 374, 377 (Tex. Crim. App. 1988), we had said that, since Section 31.09 says that the conduct may be considered as one offense, "each separate theft need not be alleged." Therefore, the trial court properly overruled the appellant's objection to the jury charge and submitted a proper application paragraph that tracked the indictment. We sustain the state's first ground.

In its second ground for review, the state asserts that the court of appeals erred in holding that jurors must unanimously agree beyond a reasonable doubt on each underlying transaction used to comprise an aggregated-theft charge.

When a defendant is charged with theft in an aggregated amount pursuant to one scheme or continuing course of conduct, the state is not required to prove each individual appropriation. *Eastep v. State*, 941 S.W.2d 130, 135 (Tex. Crim. App. 1997) (overruled on other grounds by *Gollihar v. State*, 46 S.W.3d 243, 256-57 (Tex. Crim. App. 2001) and *Riney v. State*, 28 S.W.3d 561, 565-66 (Tex. Crim. App. 2000)). The evidence will be sufficient if the state proves that the defendant "illegally appropriated enough property to meet the aggregated value alleged." *Id*. Appellant, although accused of multiple misappropriations, was charged with a single criminal offense.

What we have not addressed is whether jurors must unanimously agree beyond a reasonable doubt on each underlying transaction used to comprise an aggregated-theft charge.

We have held that "[t]heft has two gravamina: the property and ownership." *Johnson v. State*, 364 S.W.3d 292, 297 (Tex. Crim. App. 2012). In the jury-unanimity context, we look to the gravamen of the offense to determine whether the gravamen is the result of conduct, the nature of conduct, or the circumstances surrounding the conduct. *Young v. State*, 341 S.W.3d 417, 424 (Tex. Crim. App. 2011). And in *Lehman v. State*, 792 S.W.2d 82, 84 (Tex. Crim. App. 1990), we held that a defendant who has received proper notice of allegations of theft of a certain "bundle" of property should not be acquitted if there is sufficient evidence to show him guilty of stealing enough of the "bundle" to make him guilty of the offense alleged. But that does not address whether theft of each segment of the "bundle" must be unanimously agreed upon by the jury.

"Each individual theft is an element of the aggregated theft described by § 31.09." *Garza v. State*, 344 S.W.3d 409, 414 (Tex. Crim. App. 2011). In *State v. Weaver*, 982 S.W.2d 892, 893 (Tex. Crim. App. 1998), we noted that, pursuant to Section 31.09, "Each individual theft and its elements aggregated under Section 31.09 is an element of the single offense created by Section 31.09." We have also held that Section 31.09 creates one offense for purposes of severance, jurisdiction, punishment, limitations, and venue. *See Weaver*, *id*. (venue); *Graves*, 795 S.W.2d at 187 (jurisdiction, punishment, and limitations); and *Wages*, 573 S.W.2d at 806 (punishment and severance).

Jury unanimity is required in felony and misdemeanor jury trials. *Young v. State*, 341 S.W.3d 417, 422 (Tex. Crim. App. 2011). For an aggregated-theft case, we hold that unanimity requires that the jurors agree that the threshold amount has been reached and that all the elements are proven for each specific instance of theft that the individual juror believes to have occurred. Every instance of theft need not be unanimously agreed upon by the jury.

To reach this result, a simple analysis of Tex. Penal Code section 31.09 is all that is required. To fulfill the requirements of the statute, any number of specific acts of theft may be combined in a single charge as long as they were part of the same scheme or continuing course of conduct. The specific acts of theft must then surpass the threshold amount to determine the grade of the offense. We hold that each specific act of theft is an element in aggregated theft pursuant to Section 31.09. As long as the jury unanimously agrees that the proven thefts that comprise the elements of aggravated-theft exceed the threshold amount and the thefts are proven beyond a reasonable doubt, regardless of which transactions each juror believes to have occurred, the aggregated-theft is proved. Ground two is sustained.

Because we have concluded that the jury charge was not erroneously submitted as was determined by the court of appeals, it is unnecessary to address the state's complaint about the court of appeals's harm analysis. Accordingly, we dismiss ground three as moot.

Having sustained the state's first and second grounds for review, we reverse the judgment of the court of appeals and affirm the trial court's judgment.

Delivered: February 24, 2016
Publish