William W. WAGES, Jr., Appellant,

v.

The STATE of Texas, Appellee.

No. 56862.

Court of Criminal Appeals of Texas,
Panel No. 3.

Nov. 15, 1978.

Appellants' Motion for Rehearing En Banc
Denied Dec. 13, 1978.

Leonard M. Roth, Houston, for appellant.

Carol S. Vance, Dist. Atty., Clyde F. DeWitt, III, and Candelario Elizondo, Asst. Dist. Attys., Houston, Jim D. Vollers, State's Atty., Austin, for the State.

Before ROBERTS, PHILLIPS and VOLLERS, JJ.

## OPINION

PHILLIPS, Judge.

This is an appeal from a conviction for the offense of felony theft. V.T.C.A., Penal Code, Sec. 31.03. Punishment was enhanced pursuant to V.T.C.A., Penal Code, Sec. 12.42(a) and assessed at 15 years and one day imprisonment.

■ On March 10, 1977, appellant pled guilty to an indictment for the offense of felony theft and was properly admonished by the trial court. Article 26.13, V.A.C.C.P. The indictment[1] alleged that appellant committed three misdemeanor theft of-

---

1. The charging portion of the indictment reads: "[O]n or about June 11, 1976, did then and there unlawfully appropriate property, namely, cash money, of the value of over twenty dollars and under two hundred dollars, with the intent to deprive the owner, Cathy Key, of the property, and without the effective consent of the owner;

And on or about June 12, 1976, in Harris County, Texas, the Defendant did then and there unlawfully appropriate property, namely, cash money, of the value of over twenty dollars and under two hundred dollars, with the intent to deprive the owner, Cathy Key, of the property, and without the effective consent of the owner;

fenses in one scheme and continuing course of conduct and the amounts obtained thereby were aggregated under V.T.C.A., Penal Code, Sec. 31.09, to create one third degree felony offense. After the State abandoned the second enhancement paragraph, appellant pled true to one prior conviction.

In his first ground of error appellant contends that once the State aggregated the three misdemeanor theft amounts to a third degree felony theft, it could not then enhance that conviction to a second degree felony under our statute, V.T.C.A., Penal Code, Sec. 12.42(a). Appellant's contention, in essence, is that the State cannot use both Sec. 31.09, aggregation of amounts in theft offenses, and Sec. 12.42(a), the enhancement provision, in the same indictment. Appellant urges that to allow aggregation of the three misdemeanor theft amounts, and to allow enhancement under Sec. 12.-42(a) at the same time, effectively increases appellant's punishment from a Class A misdemeanor to a second degree felony. He contends that an increased punishment from a possible maximum of one year in the county jail for each of the three offenses[2] to fifteen years and one day in the penitentiary constitutes cruel and unusual punishment.

In *Green v. State*, Tex.Cr., 435 S.W.2d 513, this Court held that a 12-year sentence imposed on an enhanced felony conviction was not cruel and unusual punishment. Likewise, the 15-year and one day sentence imposed in the present case will not be cruel and unusual punishment if the misdemean-

or theft amounts were properly aggregated to a third degree felony.

V.T.C.A., Penal Code, Sec. 31.09 provides: "When amounts are obtained in violation of this chapter pursuant to one scheme or continuing course of conduct, whether from the same or several sources, the conduct may be *considered as one offense* and the amounts aggregated in determining the grade of the offense." (Emphasis added)

At the hearing on his plea of guilty, appellant admitted that the three misdemeanor theft offenses were "one continuous scheme" and that the aggregated value of the property taken was at least $200.00 but less than $10,000.00. V.T.C.A., Penal Code, Sec. 31.03(d)(4)(a). Appellant's admission demonstrates that the amounts obtained were properly aggregated pursuant to our statute. Further, the aggregation in this case illustrates the reasoning behind the enactment of the statute, as pointed out in the practice commentary to Sec. 31.09:

"This section represents a more substantial departure from the common law. It provides that, if an actor adopts and pursues a single 'scheme or continuing course of conduct' for acquiring property or services in a manner that constitutes theft, he may be convicted of a felony even though he is careful to limit the theft from each individual or at each time and place to a misdemeanor amount. This provision reflects the determination that the reprehensibility of an actor, and thus the appropriate penal sanction, is not necessarily determined by the amount he steals at a single moment from a single person."

And on or about June 13, 1976, in Harris County, Texas, the Defendant did then and there unlawfully appropriate property, namely, cash money, of the value of over twenty dollars and under two hundred dollars, with the intent to deprive the owner, Beverly Smith, of the property, and without the effective consent of the owner;

And all of said amounts were obtained, as alleged, in one scheme and continuing course of conduct, and the aggregate amount of the amounts stolen was over two hundred dollars and under ten thousand dollars.

Before the commission of the offense hereinabove alleged, the Defendant on December

19, 1963, in Cause No. 9210, in the 9th District Court of Polk County, Texas, was convicted of the felony offense of burglary;

And before the commission of the offense hereinabove alleged, and after the conviction in Cause No. 9210 was final, the defendant committed the felony offense of Unlawful Possession of a Narcotic Drug, to wit, Heroin, and was convicted on September 20, 1971, in Cause No. 162513, in the 180th District Court of Harris County, Texas."

2. V.T.C.A., Penal Code, Sec. 31.03(d)(3) and V.T.C.A., Penal Code, Sec. 12.21.

We hold the three misdemeanor theft amounts were properly aggregated under our statute into a third degree felony and the enhancement of that conviction did not constitute cruel and unusual punishment. Appellant's contention is overruled.

■ Appellant's second ground of error complains that his trial counsel was ineffective for failing to request a severance of the three aggregated theft offenses alleged in the indictment. See V.T.C.A., Penal Code, Sections 31.03, 31.09, 3.01, and 3.02. Appellant alleges in his brief that he was not apprised of the options available to him under the law; i. e., that V.T.C.A., Penal Code, Sec. 3.04(a), provided him with a right to a severance. Such a contention assumes that the severance provision of Sec. 3.04(a) of our present Penal Code applies to the unique aggregation provision of Sec. 31.09 of the present Penal Code. Such a position has to be rejected on a facial interpretation of the relevant statutes. It is clear that the aggregation principle enunciated in Sec. 31.09 operates to create *one* offense. This provision applies when the amounts taken are obtained "pursuant to one scheme and continuing course of conduct." It is axiomatic that you cannot sever *one* offense. This provision should be contrasted to that expressed in *Waythe v. State*, 533 S.W.2d 802. In that case, the forgery offenses were consolidated pursuant to V.T.C.A., Penal Code, Sec. 3.02. The right to a mandatory severance under Sec. 3.04 was clearly applicable. Thus, in the instant case, had the record even supported appellant's contention that he was not advised of the severance procedures under Sec. 3.04(a), ineffectiveness of counsel would not have been established. Upon a review of the whole record and the totality of the circumstances, we are convinced that appellant was not denied effective assistance of counsel—be he retained or appointed.[3] *Ex parte Gallegos*, 511 S.W.2d 510; *Fitzgerald v. Estelle*, 505 F.2d 1334 (5th Cir. 1974). Having failed to affirmatively demonstrate ineffective assistance of counsel, appellant's contention is overruled.

■ In his final ground of error appellant contends that the conviction should be reversed as there was no waiver of the 10-day period to prepare for trial. Art. 26.04(b), V.A.C.C.P.[4] Appellant alleges in his brief that he was originally indicted under Cause No. 250159 and, on March 2, 1977, was reindicted under Cause No. 259562. Appellant pled guilty to Cause No. 259562 with dismissal of the second enhancement paragraph on March 10, 1977. Appellant contends that since there is no written waiver in the record or reflected in the docket sheet, the conviction must be reversed as being in violation of Art. 26.04(b).

The provisions of Art. 26.04(b) are mandatory and if an appointed attorney does not have 10 days to prepare for trial, the case must be reversed. *Hayles v. State*, 507 S.W.2d 213. In the present case, the record does not contain the indictment in Cause No. 250159 alleged in appellant's brief. Further, the record does not reflect the date on which trial counsel was appointed nor, indeed, if trial counsel was appointed. In the absence of a showing of the date of trial counsel's appointment, appellant's contention is overruled. *Steward v. State*, 422 S.W.2d 733.

The judgment is affirmed.

---

3. The record does not reveal whether trial counsel was appointed or retained.

4. Article 26.04(b) provides:

"The appointed counsel is entitled to ten days to prepare for trial, but may waive the time by written notice, signed by the counsel and the accused."