**The STATE of Texas, Appellant,**

v.

**Noel Gene WEAVER, Appellee.**

No. 01–96–00661–CR.

Court of Appeals of Texas, Houston (1st Dist.).

May 1, 1997.

Winston E. Cochran, Jr., Houston, for Appellant.

Calvin Hartman, Houston, for Appellee.

Before COHEN, NUCHIA and ANDELL, JJ.

**OPINION**

ANDELL, Justice.

The State presents us with the issue of whether a trial court abused its discretion when it severed 24 complainants from an indictment because the offenses occurred

outside Harris County. We hold the trial court did abuse its discretion and reverse.

### Fact Summary

The appellee, Noel Gene Weaver, was indicted for theft by deception between $20,000 and $100,000. The indictment alleged the appellee intended to deprive 32 complainants of their property pursuant to a single scheme or continuing course of conduct.[1]

The appellee filed a motion to sever those complainants who lived outside Harris County and complained of crimes that occurred outside Harris County. The trial judge initially denied the motion, but later, during voir dire, held a discussion with the attorneys, and granted the motion to sever. The trial judge made three findings regarding the defendant's motion to sever: (1) The indictment charging appellant with aggregated theft lists some complainants who allegedly have had offenses committed against them by the defendant in counties other than Harris County, Texas, (2) the indictment alleges that those out-of-county transactions were committed pursuant to the same scheme or course of conduct as those transactions committed within Harris County, and (3) if the alleged out-of-county transactions are severed out of the indictment, the provable theft loss will be reduced to a state jail felony.[2]

### Motion to Sever

In point of error two, the State asserts the trial court erred in finding that an aggregate theft indictment may not include transactions that occurred in other counties, although such transactions are part of the same scheme or continuing course of conduct as the transactions occurring in Harris County.

The State contends that in this case there is an aggregation of amounts involving 32 complainants. The State contends it does not have to prove each individual theft and it is sufficient for the State to show enough

property was stolen to meet the aggregated value. The State also argues that for purposes of venue it is not required to prove that all the elements of the aggregate theft occurred in Harris County. The State asserts it only needs to prove that some element of the aggregate theft occurred here.

The appellee contends the State must still prove venue as to each theft under the aggregated theft statute. That statute states:

> When amounts are obtained in violation of this chapter pursuant to one scheme or continuing course of conduct, whether from the same or several sources, the conduct may be considered as one offense and the amounts aggregated in determining the grade of the offense.

Tex.Penal Code Ann. § 31.09 (Vernon 1994).

■ We agree with the State. We hold the State is not required to prove each individual theft that makes up an aggregate theft allegation as long as it demonstrates that enough of the property from the indictment was stolen to satisfy the aggregate value allegation. *Lehman v. State,* 792 S.W.2d 82, 85 (Tex.Crim.App.1990); *Cooper v. State,* 707 S.W.2d 686, 689 (Tex.App.–Houston [1st Dist.] 1986, pet. ref'd). Moreover, the severance statute set out in Tex.Penal Code Ann. § 3.04(a) (Vernon 1974) does not apply in this case. *Wages v. State,* 573 S.W.2d 804, 806 (Tex.Crim.App.1978). That statute reads:

> Whenever two or more offenses have been consolidated or joined for trial under Section 3.02, the defendant shall have a right to a severance of the offenses.

■ The appellee here was charged under Tex.Penal Code Ann. § 31.09, not Tex.Penal Code Ann. § 3.02, which involves the consolidation and joinder of prosecutions arising out of the same criminal episode.

The Court of Criminal Appeals has analyzed aggregated theft cases as if there is

---

1. The scheme involved snail farming. The appellant marketed to farmers the idea of breeding snails he provided. The farmers would pay about $50,000 for the snails. The appellant then contracted to buy back the mature snails at $4 per pound. The State alleges the appellant started the scheme in 1993 in the Dallas–Fort Worth area and then moved south. The State alleges

the appellant never made good on his promise to repurchase the mature snails.

2. The appellee could be punished within the range of 25 to 99 years or life if there is no severance. Tex.Penal Code Ann. § 12.42(d)(1) (Vernon Supp.1997).

only one theft and held severance is not available. *Wages,* 573 S.W.2d at 806. Although theft under section 31.09 consists of two or more incidents of theft, the statute makes them one offense. *Graves v. State,* 795 S.W.2d 185, 187 (Tex.Crim.App.1990). This provision applies when the amounts taken are pursuant to one scheme and continuing course of conduct. *Wages,* 573 S.W.2d at 806.

In *Wages,* the court considered an ineffective assistance claim for the failure of an attorney to request a severance of three aggregated theft offenses. 573 S.W.2d at 806. The court held:

> Such a contention assumes that the severance provision of Sec. 3.04(a) of our present Penal Code applies to the unique aggregation provision of Sec. 31.09 of the present Penal Code. Such a position has to be rejected on a facial interpretation of the relevant statutes. It is clear that the aggregation principle enunciated in Sec. 31.09 operates to create *one* offense. This provision applies when the amounts taken are obtained "pursuant to one scheme and continuing course of conduct." It is axiomatic that you cannot sever *one* offense.

(Emphasis in original.)

In *Graves,* the court applied a felony five-year statute of limitations to an aggregate theft case even though the statute of limitations had run as to each misdemeanor theft. 795 S.W.2d at 185. The court held the aggregation statute makes two or more incidents of theft one offense. *Id.* at 187. The court added:

> This notion is buttressed by the fact that there is no vehicle by which a defendant can compel a severance of the underlying offenses. Accordingly, we hold that Section 31.09 adequately creates a separate offense and defines conduct for purposes of jurisdiction, punishment and period of limitation from prosecution.

*Id.*

▮ We believe, and hold, that if the offense created by section 31.09 is one offense for purposes of jurisdiction, limitation, and punishment, it is also one offense for purposes of venue.

Because we hold that there was one offense in this case, the severance effectively terminated the prosecution. The State has the right to appeal a dismissal of an indictment. Tex.Code Crim.P. Ann. art. 44.01(a)(1) (Vernon Supp.1997).

We sustain the State's point of error two and reverse. We do not address the State's first point of error because of our analysis of its second point of error.