The STATE of Texas,

v.

Noel Gene WEAVER, Appellee.

No. 893–97

Court of Criminal Appeals of Texas, En Banc.

Nov. 18, 1998.

Winston E. Cochran, Jr., Houston, for appellant.

Rikke Burke Graber, Asst. Dist. Atty., Houston, Matthew Paul, State's Atty., Austin, for State.

*OPINION*

McCORMICK, P.J., delivered the opinion of the Court in which MANSFIELD, KELLER, HOLLAND and WOMACK, JJ., joined.

Appellee was indicted in Harris County for theft of between $20,000 and $100,000. Pur-

suant to Section 31.09 of the Texas Penal Code, the indictment aggregated into a single offense various thefts from 32 complainants occurring over about a one-and-one-half year period of time. The indictment alleged these thefts were "pursuant to one scheme and continuing course of conduct." Some of the individual thefts occurred inside Harris County and some of them occurred outside Harris County. The trial court granted appellee's motion to sever the non-Harris County thefts from the indictment. The effect of this reduced the provable theft loss from a third degree felony to a state jail felony.

The Court of Appeals decided the trial court erred to grant appellee's motion to sever because Section 31.09 creates "one offense for purposes of venue." *State v. Weaver*, 945 S.W.2d 334, 336 (Tex.App.—Houston [1st Dist.] 1997). We have exercised our discretionary authority to review this decision.

We understand appellee to argue the Court of Appeals legislated from the bench by effectively construing Section 31.09 to create a special venue statute in conflict with the general venue provision of Article 13.18, V.A.C.C.P. Appellee claims this violates Article III, Section 45, of the Texas Constitution, which, appellee claims, implicitly grants a criminal defendant "a right to proper venue" and "makes the adoption of special venue statutes the Legislature's job." Appellee also claims the Legislature did not intend that Section 31.09 create "one offense for purposes of determining proper venue for prosecution." Appellee further suggests that aggregating the non-Harris County thefts with the Harris County thefts for trial in Harris County is inconsistent "with deep roots in our legal history" as expressed in the Magna Charta, the Declaration of Independence and the federal constitution. The State claims the Court of Appeals' decision is consistent with the general venue provision of Article 13.18 and the legislative intent of Section 31.09.

Section 31.09 clearly provides that several thefts "pursuant to one scheme or continuing course of conduct" may be aggregated and "considered as one offense." [1] Each individual theft and its elements aggregated under Section 31.09 is an element of the single offense created by Section 31.09.

 The general venue provision of Article 13.18 provides that if "venue is not specifically stated, the proper county for the prosecution of offenses is that in which the offense was committed." [2] When several thefts are aggregated into a single offense under Section 31.09, the proper county for prosecution under the "plain" language of Article 13.18 is any county in which the individual thefts or any element thereof occurred. Cf. *Wood v. State*, 573 S.W.2d 207, 210–11 (Tex.Cr.App.1978) (under Article 13.18, when elements of an offense are committed in more than one county, venue may be established in either county). Applying the "plain" language of Article 13.18 to this case, Harris County is a proper venue for prosecution of all the thefts aggregated into the single offense alleged in the indictment.

This gives effect to the "plain" language of Article 13.18, does not conflict with Article III, Section 45, of the Texas Constitution, and does not interpret Section 31.09 as creating a special venue statute in conflict with Article 13.18. This also does not violate principles expressed in the Magna Charta, the Declaration of Independence and the federal constitution. See *Magna Charta*, Section 18 ("Assizes of novel disseisin, and of mort d'ancestor, and of darrien presentment, shall not be taken but in their proper counties"); *Declaration of Independence* ("history of the present King of Britain is a history of re-

---

1. Section 31.09 provides:

"When amounts are obtained in violation of this chapter pursuant to one scheme or continuing course of conduct, whether from the same or several sources, the conduct may be considered as one offense and the amounts aggregated in determining the grade of the offense."

2. The parties do not claim the specific venue provision of Article 13.08, V.A.C.C.P., applies to this case. Article 13.08 provides:

"Where property is stolen in one county and removed by the offender to another county, the offender may be prosecuted either in the county where he took the property or in any other county through or into which he may have removed the same."

peated injuries and usurpations, all having in direct object the establishment of an absolute tyranny over [the original thirteen] States" including transporting their citizens "beyond Seas to be tried for pretended offenses"); *U.S. Const., Article III, Section 2* (trial of all crimes "shall be held in the State where the said Crimes shall have been committed"); *U.S. Const., Amend. VI* (in all criminal prosecutions accused shall have right to speedy and public trial by impartial jury "of the State and district wherein the crime shall have been committed").

■ We also disagree with appellee's contention that Section 31.09 does not create "one offense for purposes of determining proper venue for prosecution." Appellee seems to claim that each theft aggregated under Section 31.09 must be treated as a separate offense for purposes of determining venue under Article 13.18. See *Weaver,* 945 S.W.2d at 335 ("appellee contends the State must still prove venue as to each theft under the aggregated theft statute").

However, this conflicts with the "plain" language of Section 31.09 which expressly creates "one offense" and makes no express distinctions between trans-county aggregated thefts and single county aggregated thefts. This Court also has held that Section 31.09 creates one offense for purposes of severance, jurisdiction, punishment and limitations. See *Graves v. State,* 795 S.W.2d 185, 187 (Tex.Cr.App.1990); *Wages v. State,* 573 S.W.2d 804, 806 (Tex.Cr.App.1978). We decline to construe Section 31.09 differently for purposes of venue. Therefore, we decide Section 31.09 creates one offense for purposes of venue.

We also note this is consistent with the legislative history of Section 31.09. See Tex. Gov'tCd., Section 311.023(3) (in construing a statute, whether or not the statute is considered ambiguous on its face, courts may consider its legislative history). The 63rd Legislature intended to make few substantive changes to existing law when it adopted the 1974 penal code. See Acts 1973, 63rd Leg., p. 883, ch. 399, Section 1, eff. January 1, 1974; Hearings on SB 34 before the Senate Committee on Criminal Jurisprudence, 63rd Leg., (May 8, 1973); Debate on SB 34 on Senate Floor, 63rd Leg., (May 15, 1973); Hearings on HB 514 (the House substitute for SB 34) before the House Subcommittee on Criminal Jurisprudence, 63rd Leg., (March 12, 1973); Debate on HB 514 on House Floor, 63rd Leg., (May 18, 1973). The main purpose of the 1974 penal code was to simplify and codify existing law into one code.

However, the 63rd Legislature with the support of the prosecution and defense bars intended to make several significant changes to then existing theft laws. See, e.g., Hearings on HB 514 (the House substitute for SB 34) before the House Subcommittee on Criminal Jurisprudence, 63rd Leg., (March 12, 1973) (Dain Whitworth and Frank Maloney testifying). One significant change was the consolidation of various separately defined theft offenses such as theft by false pretext, conversion by a bailee, swindling by worthless check, etc.,[3] into one offense that said "thou shalt not steal." See, e.g., Debate on SB 34 on Senate Floor, 63rd Leg., (May 15, 1973); Debate on HB 514 on House Floor, 63rd Leg., (May 18, 1973). This was intended to simplify the theft law, "reduce reversals on technicalities," and make Texas' theft laws "fit [the] complexities of the 20th century." See, e.g., Debate on SB 34 on Senate Floor, 63rd Leg., (May 15, 1973); Debate on HB 514 on House Floor, 63rd Leg., (May 18, 1973).

Another significant change in then existing theft laws was the addition of what is now Section 31.09. Before this, individual thefts "pursuant to one scheme or continuing course of conduct" usually had to be separately prosecuted. See Practice Commentary to Section 31.09 (common law restricted scope of theft to single victim and a single time and place; if more than one victim or more than one time was involved, more than one theft was committed). This usually meant a thief who "pursuant to one scheme or continuing course of conduct" stole *x* amount from various victims at different times could not be as severely punished as a thief who stole the same amount from one

---

3. See V.T.C.A., Penal Code, Section 31.02.

victim at one time even though the Legislature considered these two thieves to be equally culpable.

█ The 63rd Legislature intended to change this when it adopted Section 31.09. The main purpose of adding Section 31.09 was to allow for aggregation of each theft into a single offense to increase the punishment range for a thief who commits various thefts "pursuant to one scheme or continuous course of conduct." See, e.g., Hearings on HB 514 (the House substitute for SB 34) before the House Subcommittee on Criminal Jurisprudence, 63rd Leg., (March 12, 1973) (Dain Whitworth and Frank Maloney testifying).

The various committee hearings and floor debates in both the House and the Senate support this construction of Section 31.09. For example, Judge Maloney testified before the House Subcommittee on Criminal Jurisprudence on March 12, 1973, that the intent of Section 31.09 was "to bundle [the individual thefts] all up and prosecute as one offense" for a defendant with the same *modus operandi* "regardless of when" each individual theft occurred. See *id.* The prosecution and defense bars agreed on this point. See *id.*

There is no indication the 63rd Legislature intended Section 31.09 to apply only to a thief who commits multiple thefts in the same county. There is no indication the 63rd Legislature intended to treat thieves who commit multiple thefts in the same county any differently from thieves who commit multiple thefts in different counties. However, appellee interprets Section 31.09 to contain this distinction. The legislative history of Section 31.09 is to the contrary.

The judgment of the Court of Appeals is affirmed.

MEYERS, J., filed a concurring opinion.

PRICE, J., filed a *concurring and dissenting opinion.*

OVERSTREET, J., filed a dissenting opinion, in which BAIRD, J., joined.

1. That such conduct by this Court is a violation

MEYERS, Judge, concurring.

This case is not complicated. The applicable provisions are not unclear. No resort need be made to legislative history.

Penal Code § 31.09 permits the State to allege commission of several offenses pursuant to one scheme or continuing course of conduct, *aggregated as a single offense.* This is not an enhancement provision. A new and separate offense is created, its elements consisting of multiple offenses committed in one scheme or continuing course of conduct. In fact, once an offense is alleged under section 31.09, that new offense itself may be enhanced. *Wages v. State,* 573 S.W.2d 804 (Tex.Crim.App.1978). And, since it is one offense, its elements may not be severed. We have stated this before and have said nothing to the contrary since:

> It is clear that the aggregation principle enunciated in Sec. 31.09 operates to create One offense. This provision applies when the amounts are obtained "pursuant to one scheme and continuing course of conduct." It is axiomatic that you cannot sever One offense.

*Id.* at 806. We have reaffirmed this notion:

> Although theft under Section 31.09 consists of two or more incidents of theft, the statute makes them one offense. [citation omitted] This notion is buttressed by the fact that *there is no vehicle by which a defendant can compel a severance of the underlying offenses.* [citation omitted] Accordingly, we hold that Section 31.09 adequately creates a separate offense and defines conduct for purposes of jurisdiction, punishment and period of limitation from prosecution.

*Graves v. State,* 795 S.W.2d 185, 187 (Tex.Crim.App.1990)(emphasis added).

For these reasons, the Court of Appeals should be affirmed. Discussion of legislative history where the language of the controlling statute is plain injects needless dicta into our jurisprudence and ultimately leads to confusion. Apart from these relatively minor annoyances, such discussion is a constitutional violation by this Court.[1] I concur in the judgment of the Court.

of separation of powers could not have been

PRICE, Judge, concurring and dissenting.

I concur in the judgment of the majority, and I join the first part of the majority opinion, which makes its determination on the basis of statutory analysis. However, I dissent as to the latter portion, which discusses legislative history. Under our approach to statutory interpretation, we look to the literal text of the statute for its meaning, and we ordinarily give effect to that plain meaning. *Boykin v. State,* 818 S.W.2d 782, 785 (Tex.Crim.App.1991). The only exceptions to this rule are where application of the statute's plain language would lead to absurd consequences that the Legislature could not possibly have intended, or if the plain language is ambiguous. *Id.*Because the plain language of the relevant statutes is not ambiguous, and because a literal interpretation of those statutes does not lead to an absurd result, we need not, and indeed should not, consider the legislative history. *Id.* at 785–786.

OVERSTREET, Judge, dissenting.

Appellee was charged by indictment with theft by deception in Harris County, alleged to have occurred "on or about VARIOUS DATES BETWEEN JULY 02, 1993 AND JANUARY 15, 1995[.]" The indictment alleged the theft of money pursuant to one scheme and continuing course of conduct, with an aggregate value of more than $20,000 and less than $100,000, and named 32 persons as all having a greater right to possession than appellee. Two enhancement allegations were also included. The trial court initially denied appellee's motion for severance, but upon reconsideration granted the motion. The State appealed. The First Court of Appeals reversed the trial court's order granting severance. *State v. Weaver,* 945 S.W.2d 334 (Tex.App.—Houston [1st Dist.] 1997). Appellee sought discretionary review which we granted. The majority of

this Court denies appellee's claim. I respectfully dissent.

## I. SUMMARY OF PERTINENT FACTS

The record reflects that appellee was accused of committing the alleged thefts in various places around Texas moving south across the state, and finally setting up his business in Harris County and continuing to steal. The prosecutor argued that there was less than $20,000 taken in Harris County, but more than $50,000 "taken during the scheme as it moved south across the state[.]" The prosecutor stated that this scheme involved appellee selling snails to individuals for breeding purposes, with appellee promising to repurchase them upon maturity; and that his promise to buy back mature snails in bulk at $4.00 per pound was fraudulent in that he never intended to do so, but rather was just stealing their money.

Appellee sought severance of the alleged appropriations from 24 of the named owners because the transactions with them did not occur in Harris County, and he had the right to severance under V.T.C.A. Penal Code, § 3.04. Appellee also moved for severance of each of the cases occurring within Harris County, i.e. those involving the other eight named owners. The trial court granted the motion for severance "which deals with any complainant who has a cause of action in another county other than that of Harris."

The trial court subsequently made findings of fact regarding appellee's motion to sever. These findings stated:

1. The indictment charging appell[ee] with aggregated theft lists some complainants who allegedly have had offenses committed against them by the defendant in counties other than Harris County, Texas.

2. The indictment alleges that those out-of-county transactions were committed

---

stated more forcefully in *Boykin,* which to my knowledge is still good law:

> If the plain language of a statute would lead to absurd results, or if the language is not plain but rather ambiguous, *then and only then, out of absolute necessity, is it constitutionally permissible for a court to consider,* in arriving at a sensible interpretation, such extratextual fac-

tors as executive or administrative interpretations of the statute or legislative history.

This method of statutory interpretation is of ancient origin and is, in fact, *the only method that does not unnecessarily invade the lawmaking province of the Legislature.*

*Boykin v. State,* 818 S.W.2d 782, (Tex.Crim.App.1991)(emphasis added).

pursuant to the same scheme or course of conduct as those transactions committed within Harris County.

3. If the alleged out-of-county transactions are severed out of the indictment, the provable theft loss will be reduced to a state jail felony.

## II. COURT OF APPEALS HOLDING

On appeal, the State averred, among other things, that the trial court erred in finding that an aggregate theft indictment may not include transactions that occurred in other counties, although those transactions were part of the same scheme or continuing course of conduct as the transactions that occurred in Harris County. The court of appeals agreed. It held that if an offense created by V.T.C.A. Penal Code, § 31.09, which provides for aggregation of amounts involved in a scheme or continuing course of conduct of theft, "is one offense for purposes of jurisdiction, limitation, and punishment, it is also one offense for purposes of venue." *State v. Weaver*, 945 S.W.2d at 336. Thus, since there was only one offense, the trial court erred in severing it.

## III. APPELLEE'S CLAIM

We granted one of appellee's questions for review. That question asks, "Did the Court of Appeals err in holding that the trial court could not sever incidents of theft having no nexus to Harris County?" Appellee insists that the trial court properly held that Harris County was not the proper venue for prosecution of a theft case where there was no conduct linked to Harris County. He also adds that the court of appeals, at the State's urging, "has used statutory interpretation to thwart a constitutional right to proper venue."

The State maintains that the court of appeals properly gave full effect to the general venue provision of Article 13.18, V.A.C.C.P., because aggregate theft is one offense, and a portion of the offense allegedly committed occurred in Harris County, thus the offense occurred in Harris County for venue purposes.

## IV. ANALYSIS

An accused criminal defendant has the right to a speedy and public trial by an impartial jury "of the State and district where the crime shall have been committed, which district shall have been previously ascertained by law[.]" U.S. Const., amend. VI. Our own Texas Constitution provides that the power to change venue is vested in the courts, to be exercised pursuant to law, "and the Legislature shall pass laws for that purpose." Tex. Const., art. III, § 45.

The specific language of the Aggregation of Amounts Involved in Theft statute, V.T.C.A. Penal Code, § 31.09, states:

When amounts are obtained in violation of this chapter pursuant to one scheme or continuing course of conduct, whether from the same or several sources, the conduct may be considered as one offense and the amounts aggregated in determining the grade of the offense.

This statute makes no mention of venue. It merely deals with considering the conduct as one offense and aggregating the amounts in determining the grade of offense if the thefts were pursuant to one scheme or continuing course of conduct. Such does not address venue.

Venue means the place in which prosecutions are to begin and where a case may properly be tried. *Thomas v. State*, 699 S.W.2d 845, 854 (Tex.Cr.App.1985); *Ex parte Watson*, 601 S.W.2d 350, 351 (Tex.Cr.App. 1980). Chapter 13 of the Code of Criminal Procedure addresses venue. Article 13.18, V.A.C.C.P., provides that if venue is not specifically stated, then the proper county for the prosecution "is that in which the offense was committed." Theft is not a continuing offense, i.e. when all of the elements of the theft have occurred, the theft is then complete and does not continue. *Barnes v. State*, 824 S.W.2d 560, 562 (Tex.Cr.App.1991). Thus in this case, the individual theft offenses were complete when all of their elements occurred. Concomitantly venue lies in the county in which each particular theft was committed. Though § 31.09 allows for aggregation of amounts "in determining the grade of the offense[,]" it makes no provision for trans-county venue.

Article 13.08, V.A.C.C.P., does provide for alternative venue in multiple counties when property is stolen in one county and removed by the offender to another county. However, there is no claim that such applies to the thefts in question in this case. I also observe that the literal language of Art. 13.08 indicates that it establishes venue for the trials of offenders who steal the property of another person and remove that property from one county to another, thus allowing the offender to be prosecuted in either the county where he took the property or in any county through or into which he may have removed it. Again, there is no claim that such applies to appellee, and the State even acknowledges that Art. 13.08 "does not bear upon this case[.]" (State's brief, p. 8)

While in *Graves v. State*, 795 S.W.2d 185, 187 (Tex.Cr.App.1990), this Court indicated that § 31.09 makes two or more incidents of theft one offense, and "creates a separate offense and defines conduct for purposes of jurisdiction, punishment, and period of limitation[,]" such does not involve venue, i.e. the place in which the prosecution is to begin and where the case may properly be tried. Obviously, if § 31.09 provides for an aggregation of amounts in determining the grade of the offense, such aggregation would demarcate jurisdiction, punishment, and the limitations period. However, as stated above, § 31.09 makes no provision for multiple or transcounty venue.

The majority concludes that since § 31.09 provides for several instances of theft being aggregated into a single offense, venue lies in any of the individual counties in which the portions of the "single offense" of aggregated theft occurred. However, § 31.09 provides that such aggregated thefts "may be considered as one offense and the amounts aggregated *in determining the grade of the offense.*" [emphasis added] Again, § 31.09 makes no mention of such aggregation resulting in multiple venues.

The majority even concludes, perhaps relying upon personal knowledge of individual(s) from the prosecution and defense bars who were involved in the promulgation of § 31.09, that the Legislature intended to allow the bundling of individual thefts and prosecution of them as one offense regardless of when each individual theft occurred. However, that neglects to consider whether such "bundling" was to occur regardless of *where* each individual theft occurred.

Under the majority's conclusion, such trans-county "bundling" would allow a far distant district attorney (DA) to usurp the prosecution authority of the local district attorney for theft offenses that occur in the local district attorney's county of jurisdiction. In the instant case, since some of these alleged thefts occurred in counties far-flung from Harris County, under the majority's interpretation the DA from any of those far-flung counties could prosecute the alleged offenses that occurred in Harris County without the Harris County DA even knowing about or being involved in such prosecution. Surely that is not what the majority believes § 31.09 provides for, yet that is precisely what the majority's interpretation allows— whichever DA decides to first prosecute, to whatever resolution, "bundled" multi-county aggregate thefts as a single offense, the DA's of the other counties are left-out-in-the-cold as to the individual thefts from their counties which have already been prosecuted in the "bundle."

The language of § 31.09 clearly contains no provision for multi-county venue; thus there is no need to resort to legislative history for supposition as to extending venue beyond what our statutes provide. And it appears that the majority's interpretation which adds unstated venue provisions to § 31.09 reaches the absurd result of allowing a single far-flung prosecutor to usurp the prosecution authority of a local DA who has authority to prosecute local theft cases that occur within the county or counties of his jurisdiction.

The State claims that the Legislature "did not intend for an offender to be immune from prosecution for aggregate theft because he either had the luck or the foresight to commit his various thefts in different counties." (State's brief, p. 7) It suggests an example of a person traveling the State of Texas stealing $1,499, pursuant to the same course of conduct, in each of our 254 counties. Such would result in an aggregate amount of

$380,746, which if tried in one of the counties could be prosecuted as a first degree felony, or even be enhanced or habitualized; while if tried in each of the counties individually such would only be subject to prosecution as Class A misdemeanors. The State insists that the Legislature could not have intended a defendant who carries his scheme across county lines to receive such a windfall. However, if each of the 254 thefts were tried in the respective counties of venue, i.e. where the offense was committed where the elements of the theft occurred, that defendant would potentially face 254 one-year sentences in the county jails, which could be ordered to be served consecutively since they were each prosecuted in separate criminal actions; thus that defendant could serve 254 years in jail. The Legislature certainly could have considered such to be appropriate punishment rather than a windfall.

It is within the province of the Legislature to provide for venue. If the Legislature wants venue for assorted thefts that have occurred in various multiple counties to lie in a particular single distinct county, then it can enact a statute saying so. As of now, it has not done so.

Accordingly, I would sustain appellee's question for review, and because the court of appeals did not address the State's first point of error below, I would remand this cause to that court to address that point. Because the majority does not do so, I respectfully dissent.

BAIRD, J., joins.