Reversed and Remanded and Opinion filed May 27, 2004









Reversed and Remanded and Opinion filed May 27, 2004.

 

 

 

In The

 

Fourteenth Court of Appeals

____________

 

NO. 14-04-00028-CR

____________

 

THE STATE OF TEXAS, Appellant

 

V.

 

BRIAN ROGERS, Appellee

 



 

On Appeal from the 209th
District Court

Harris County, Texas

Trial Court Cause No. 936,336

 



 

O P I N I O N

The State of Texas brings this
interlocutory appeal from the trial court=s quashing of a
theft indictment against appellee, Brian Rogers.  In two issues, the State contends that the
trial court erred (1) in determining in advance of trial whether the State=s evidence would
be sufficient to prove an element of the offense and (2) in relying on defense
counsel=s disputed
statements in quashing the indictment. 
We reverse and remand.

 

 








Background

The grand jury alleged in the indictment
that, over a five-and-a-half year period, appellee unlawfully acquired or
otherwise exercised control over money owned by two separate automobile dealership
groups (Enos Cabell Motors and the Randall Reed group), or various of the
dealers= customers, in an
aggregate amount of over $200,000, pursuant to one scheme and continuing course
of conduct.  The State had previously
filed an indictment against appellee alleging only theft against Enos Cabell
Motors and its customers, and it had filed a complaint against appellee
alleging only theft against Randall Reed and its customers.  These prior two charging instruments were
dismissed shortly after the indictment in the current case was filed.








In argument before the trial court,
defense counsel contended that the alleged thefts did not occur pursuant to one
scheme and continuing course of conduct. 
Counsel explained that there were actually two alleged schemes: one
occurring while appellee was employed by Enos Cabell Motors, under which
appellee allegedly improperly kept money from the sale of extended warranties,
and the other occurring while he worked for Randall Reed, under which appellee
allegedly inflated expenses flowing to a partnership in which he had an
interest.  When asked by the court
whether he agreed that the allegations of theft were different between the two
employers, the prosecutor responded ambiguously: AI=m not entirely in
agreement with that.  I believe what
[defense counsel] said is true, but . . . .@[1]  The trial court granted the motion to quash
and subsequently filed findings of fact and conclusions of law that track the
statements made by defense counsel.

Discussion

The State contends that the trial court
erred (1) in determining in advance of trial whether the State=s evidence would
be sufficient to prove an element of the offense and (2) in relying on defense
counsel=s disputed
statements in quashing the indictment. 
Because these two issues are essentially means to the same ends, we will
discuss them together.








When amounts are obtained by theft
pursuant to one scheme or continuing course of conduct, whether from the same
or different sources, the conduct may be considered as one offense and the
amounts aggregated to determine the level of offense.  Tex.
Pen. Code Ann. ' 31.09 (Vernon 2003).[2]  When the State attempts to aggregate amounts
in a theft prosecution, the question of whether the thefts were pursuant to one
scheme or continuing course of conduct becomes an element of the offense that
must be charged in the indictment, submitted to the jury, and proven at
trial.  See Kellar v. State, 108
S.W.3d 311, 313 (Tex. Crim. App. 2003); Thomason v. State, 892 S.W.2d 8,
10-11 (Tex. Crim. App. 1994); Turner v. State, 636 S.W.2d 189, 195 (Tex.
Crim. App. 1980).  Texas has no pretrial
procedure enabling a criminal defendant to challenge, or a trial court to
determine, the sufficiency of the evidence on an element of the charged
offense.  State v. Rosenbaum, 910
S.W.2d 934, 948 (Tex. Crim. App. 1994). 
A defendant may move to quash an indictment based on defects contained
on the face of the indictment, but the indictment cannot be defeated by
evidence presented at a pretrial hearing. 
Id. at 947-48. 
Accordingly, a trial court cannot quash an indictment because it
considers the State=s evidence insufficient to show a single
scheme or continuing course of conduct.[3]








At least one court has held that when the
State willingly participates in a pretrial hearing on stipulated facts, it
cannot later complain that the motion to quash impermissibly challenged the
sufficiency of the evidence.  See
Cuellar v. State, 957 S.W.2d 134, 136-7 (Tex. App.CCorpus Christi
1997, pet. ref=d). 
However, this holding has not been followed in a published opinion by
any other court and has been strongly criticized in at least one treatise.  See 41 George E. Dix & Robert O. Dawson, Texas Practice: Criminal
Practice and Procedure ' 21.32
(2001).  We need not decide whether to
follow Cuellar because here the State did not willingly participate in a
pretrial hearing on stipulated evidence. 
Indeed, the parties stipulated to nothing, and no evidence was admitted or
judicially noticed.  The court had before
it statements of defense counsel, to which the prosecutor replied ambiguously: AI=m not entirely in
agreement with that.  I believe what
[defense counsel] said is true, but . . . .@  The court also apparently had before it the
indictment in the present case and the indictment and complaint in the prior
two cases filed against the appellee. 
But only one of these instruments contained any details regarding the
nature of the alleged theft scheme.[4]  Thus, there was no way for the court to
compare the schemes alleged through the two prior charging instruments other
than by reliance on defense counsel=s statements.  In sum, the trial court had no evidence
before it, stipulated or otherwise, on which it could have determined the
sufficiency issue even under Cuellar.[5]  Accordingly, we sustain both of the State=s issues.

The trial court=s order quashing
the indictment is reversed, and the case is remanded for further proceedings in
accordance with this opinion.

 

 

 

 

 

/s/      Adele Hedges

Chief Justice

 

 

 

 

Judgment
rendered and Opinion filed May 27, 2004.

Panel
consists of Chief Justice Hedges and Justices Frost and Guzman.

Publish
C Tex. R. App. P. 47.2(b).

 











[1]  The prosecutor
went on to say: AThe State=s
position is that the Defendant, while in the employment of Mr. Enos Cabell and
Mr. Randall Reed, basically was embezzling monies from the companies, from the
businesses.@  The court later
asked the prosecutor:

 

[I]s there a case on-point where as far as the scheme
was different?  I mean, we=ve had joinders forever here where the scheme is the
same continuing course of conduct, and of course, the joinder has been
okay.  But, as far as the scheme used in
the Cabell case, anything different than the Reed case?

 

The prosecutor responded, ANot that I=m aware
of, Your Honor.@  But it is
unclear whether he was answering the first question, regarding the existence of
caselaw, or the second question, regarding differences in the allegations
between the two employers.





[2]  In oral
argument, appellee suggested that this case presented an issue of improper
joinder of multiple offenses under section 3.02 of the Penal Code.  Tex.
Pen. Code Ann. ' 3.02 (Vernon 2003). 
However, because aggregation under section 31.09 results in only one
offense being alleged, there cannot be a misjoinder issue related to such
aggregation.  Wages v. State, 573
S.W.2d 804, 806 (Tex. Crim. App. 1978) (AIt is
axiomatic that you cannot sever One offense.@)
(capitalization in original); State v. Weaver, 945 S.W.2d 334, 336 (Tex.
App.CHouston [1st Dist.] 1997) (holding that sections of
Penal Code chapter 3 regarding joinder do not apply to cases under section
31.09 because aggregation results in only one offense that cannot be severed), aff=d, 982
S.W.2d 892 (Tex. Crim. App. 1998).





[3]  Appellee cites
Callins v. State, 780 S.W.2d 176 (Tex. Crim. App. 1986), for the
proposition that a trial court may consider the allegations in an indictment to
determine whether they were properly joined. 
In that case, the court dealt with the misjoinder of several nonproperty
offenses in one indictment.  Id.
at 179, 182-83.  This was a defect on the
face of the indictment that did not require any evidence to establish.  In the present case, however, the indictment
alleges only one offense (although occurring at various times and involving
various complainants).  See, e.g.,
Brown v. State, 640 S.W.2d 275, 278 (Tex. Crim. App. 1982) (holding
aggregation under section 31.09 creates one offense that cannot be
severed).  The indictment in this case,
therefore, does not run afoul of Callins.





[4]  The complaint
included a probable cause affidavit relating the alleged scheme at Randall
Reed.





[5]  Appellee
relies heavily on the findings of fact entered by the trial court.  As mentioned, these findings tracked the
statements made by defense counsel at the hearing.  However, even if such findings could be
deemed appropriate under Cuellar, there was no evidence before the trial
court to support the findings.