Opinion to:


















Opinion issued September 18, 2009








 




 
 
 
 
 




 

 

 

 

 

 

 

 

 

 

 

 

 

 

In The

Court of Appeals

For The

First District of Texas

 



 

NO. 01-07-00718-CR

 



 

TIMOTHY LEE RILEY, Appellant

 

V.

 

THE STATE OF TEXAS,
Appellee

 



 

On Appeal from the 337th District Court

Harris County, Texas

Trial Court Cause No. 1087455

 



 

O
P I N I O N

A
jury convicted appellant, Timothy Lee Riley, of theft of property with a value
of $20,000 or more but less than $100,000. 
See Tex. Penal Code Ann.
§ 31.03(a), (b), (e)(5) (Vernon
Supp. 2008), § 31.09 (Vernon 2003). The trial court assessed punishment at
six years= imprisonment, suspended, and placed
appellant on community supervision. 
Appellant brings six points of error, challenging the legal and factual
sufficiency of the evidence (points one, two, three, four, and six) and the
trial court’s venue ruling (point five). 
We affirm.

Background








Appellant
received money in four different transactions to construct buildings: (1)
$5,772 from Charles Thomasson; (2) $9,611 from Roger Krenek and Towana Krenek;
(3) $20,425 from Mark Manderscheid and Denise Manderscheid; and (4) $9,175 from
Lonnie Friend and Heath Friend.  In each
of these four situations, appellant accepted the complainants= money, began construction, and later
ceased work, leaving each of the complainants with an unfinished building.  There was testimony at trial that appellant
claimed the failure to complete each of the four transactions was due to either
problems with the weather, his cash flow, his personal life, difficulties with
his employees or subcontractors, or contract disputes with the
complainants.  Appellant testified at
trial that he did not make representations to any of the complainants that he
did not intend to fulfill.

                                                      Discussion

In
points of error one, two, and three, appellant claims the evidence is legally
insufficient to support his conviction (point one), factually insufficient to
support his conviction (point two), and legally insufficient to show criminal
intent (point three). Appellant=s brief contains five pages of discussion of case law
concerning intent in the context of committing theft.  Appellant then makes the following specific
argument:








In the instant
case, four complainants testified that Appellant entered into a construction
contract with them, three of whom had no completion date for the work to be
performed (Vol. VI, p. 10, 12, 22, 30); that they made a series of payments to
him as the designated work continued to progress; that Appellant partially
performed; that their projects became delayed as Appellant told him he ran into
cash‑flow problems due to some of the jobs he had completed either not
paying him or giving him hot checks, personal problems, weather problems, or
employees or sub‑contractors not showing up; that they experienced
contract disputes with Appellant over whether their payments were for his wages
and profits, or materials, or services such as obtaining a building permit for
Manderscheid or the behavior of Appellant=s crew
urinating in Krenek=s yard; that none of them completed their project as
originally contracted or subsequently modified; and that they made other
arrangements to complete their respective projects.

Appellant testified
that he had been in the business for 15 years; that he had 200 customers; that
it was something he took pride in; that he was trying to save his business and
did not want it to fail; that it was the only thing he knew; that he had to
file Chapter 13 bankruptcy; that he had partially performed on all four
contracts, but had contract disputes with all four complainants; that he did
not know that he was not going to perform nor did he intend not to perform the
projects for the respective complainants; that he did not state that he knew
that he was not going to complete a project; and that he did not make a
representation that he did not intend to fulfill or that he knew he could not
fulfill or misstate a fact to try and obtain money.

The facts in the
instant case are similar and on point with the said previously recited
construction cases precedent. 
Consequently, this Court should reverse and acquit the Appellant on the
basis of legal and/or factual insufficiency and/or insufficient evidence to
show criminal intent to commit theft by deception.

 

We interpret
points of error one, two, and three as attacking the sufficiency of intent to
commit theft.








A
person commits theft if he unlawfully appropriates property with intent to
deprive the owner of property.  See
Tex. Penal Code Ann. § 31.03(a).  Appropriation of property is unlawful if it
is without the owner’s effective consent. 
See Tex. Penal Code Ann.
§ 31.03(b)(1) (Vernon
Supp. 2008).  Consent is not effective if
it is induced by deception. See Tex.
Penal Code Ann. § 31.01(3)(A) (Vernon Supp. 2008).  The indictment charged appellant with
committing theft by deception by Acreating or confirming by words or
conduct a false impression of law or fact that affected the judgment of the
Complainant in the transaction which the Defendant did not believe to be true@ and/or Apromising performance that affected
the judgment of the Complainant in the transaction, which performance the
defendant knew would not be performed and/or which performance the defendant
did not intend to perform.@  See Tex. Penal Code Ann. § 31.01(1),
(A), (E) (Vernon
Supp. 2008). We will therefore review the sufficiency of the evidence of
deception.

The
standard of review for legal sufficiency of the evidence is whether, viewing
the evidence in the light most favorable to the verdict, any rational trier of
fact could have found the essential elements of the crime beyond a reasonable
doubt.  Jackson v. Virginia,
443 U.S. 307, 318B19, 99 S. Ct. 2781, 2788B89 (1979); King v. State, 29
S.W.3d 556, 562 (Tex.
Crim. App. 2000).








When
conducting a factual-sufficiency review, we view all of the evidence in a
neutral light.  Cain v. State, 958
S.W.2d 404, 408 (Tex. Crim. App. 1997). 
We will set aside the verdict only if (1) the evidence is so weak that
the verdict is clearly wrong and manifestly unjust or (2) the verdict is
against the great weight and preponderance of the evidence.  Johnson v. State, 23 S.W.3d 1, 11 (Tex. Crim. App.
2000).  Under the first prong of Johnson,
we cannot conclude that a conviction is Aclearly wrong@ or Amanifestly unjust@ simply because, on the quantum of
evidence admitted, we would have voted to acquit had we been on the jury.  Watson v. State, 204 S.W.3d 404, 417 (Tex. Crim. App.
2006).  Under the second prong of Johnson,
we cannot declare that a conflict in the evidence justifies a new trial simply
because we disagree with the jury=s resolution of that conflict.  Id.  Before finding that evidence is factually insufficient
to support a verdict under the second prong of Johnson, we must be able
to say, with some objective basis in the record, that the great weight and
preponderance of the evidence contradicts the jury=s verdict.  Id.
 In conducting a factual-sufficiency
review, we must also discuss the evidence that, according to the appellant,
most undermines the jury=s verdict.  See Sims
v. State, 99 S.W.3d 600, 603 (Tex.
Crim. App. 2003).

We
may not substitute our judgment for that of the fact-finder.  King, 29 S.W.3d at 563.  The fact‑finder alone determines what
weight to place on contradictory testimonial evidence because that
determination depends on the fact-finder=s evaluation of credibility and
demeanor.  Cain, 958 S.W.2d at 408B09. 
As the determiner of the credibility of the witnesses, the fact‑finder
may choose to believe all, some, or none of the testimony presented.  Id.
at 407 n.5.  The standard for reviewing
the factual sufficiency of the evidence is whether, after considering all of
the evidence in a neutral light, the jury was rationally justified in finding
guilt beyond reasonable doubt.  Watson,
204 S.W.3d at 415.








Appellant
argues that this is nothing more than a civil contract dispute, and as such,
appellant=s partial performance negates any
showing of intent to commit theft through deception.  See, e.g., Jacobs v. State, 230
S.W.3d 225, 231B32 (Tex. App.CHouston [14th Dist.] 2006, no pet.).  Were this a case in which there was but one
transaction, we would agree.  However,
here the evidence of intent to commit theft through deception consists of the
pattern or scheme established in each of the four transactions.  In each of them appellant accepted the
complainants= money, began construction, and later
ceased work, leaving each complainant with an unfinished building.  The jury could find evidence of appellant=s intent to commit theft through
deception based on inferences from the surrounding circumstances.  See Ellis v. State, 877 S.W.2d
380, 383 (Tex. App.CHouston [1st Dist.] 1994, pet. ref=d) (citing Coronado v. State,
508 S.W.2d 373, 374 (Tex. Crim. App. 1974)).

Viewing
the evidence in the light most favorable to the verdict, there was legally
sufficient circumstantial evidence of appellant=s intent to commit theft through
deception.  Viewing all the evidence in a
neutral light, including the testimony of appellant and his wife, we also hold
that the evidence of appellant=s intent to commit theft through deception was not factually
insufficient.  The jury was free to
determine the credibility of the witnesses and choose which testimony it
believed.  Accordingly, we overrule
points of error one, two, and three.








In
point of error four, appellant claims the evidence is legally and factually
insufficient to establish appellant=s acts constituted one scheme or
continuing course of conduct.  Appellant=s complete argument on appeal
consists of the following:

In drafting §31.09,
Tex. Penal Code (Vernon 2003), the legislature did not attach a technical or
particular meaning to Ascheme@ or Acontinuing course of conduct,@ thus a court must consider their common meaning.  Johnson v. State, 011706 TXCA14, 14‑04‑00718.  Webster=s 9th
Collegiate Dictionary, p. 1050 (1986) defines Ascheme@ as a plan or program of action or a systematic or
organized framework.  Black=s Law Dictionary, Revised Fourth Edition page 1511
(1968) defines Ascheme@ as a design or plan formed to accomplish some purpose
- a system.

As a result of the
aggregation of the four complainants in the instant case, the cumulative effect
is to punish Appellant who has no prior criminal history, as a felon which is
beyond the range possible for the alleged crimes if prosecuted individually.

Moreover, both Ascheme@ and Acontinuing course of conduct@ infer a systematic criminal intent which is clearly
lacking in the instant case.  The
similarities between Appellant and the four instant complainants go toward the
inherent requirements in a construction contract involving bidding, showing a
prospective customer your work, and entering into a contract for successive
payment amounts and incremental work performance until completion.  The fact that the contract dispute resulted
in partial performance by Appellant on the work assignments and partial
payments by the complainants on the contracts does not rise to the level of
systematic criminal intent required to prove a Ascheme@ or Acontinuing course of conduct@ to allow a §31.09, Tex. Penal Code aggregation of
alleged theft amounts as in the instant case.

 








We
first address the argument appellant makes in the second paragraph cited aboveCthat the cumulative effect of Penal
Code section 31.09 is to allow the State to aggregate conduct into a single
offense that carries with it a higher punishment range than if each instance of
the conduct was charged separately.  This
is clearly what the statute does, and to the extent appellant is challenging
section 31.09, it has been waived on appeal because appellant has not preserved
any such complaint in the trial court.  See
Tex. R. App. P. 33.1(a).

We
now consider the argument appellant makes in the third paragraph cited aboveCthat the evidence is legally and
factually insufficient to establish appellant=s acts constituted one scheme or
continuing course of conduct.  Appellant
seems to suggest that the statute requires an evidentiary burden on the State
to show a prior intent to commit multiple offenses, which appellant describes
as Asystematic criminal intent.@ 
Appellant cites no authority for this, and the plain meaning of the
statute does not support this potential argument.  See Tex.
Penal Code Ann. § 31.09 (Vernon 2003) (AWhen amounts are obtained in
violation of this chapter pursuant to one scheme or continuing course of
conduct, whether from the same or several sources, the conduct may be
considered as one offense and the amounts aggregated in determining the grade
of the offense.@); see generally Tex.
Gov=t Code Ann. § 311.011(a) (Vernon 2005) (AWords and phrases shall be read in
context and construed according to the rules of grammar and common usage.@).








The
one case cited by appellant, Johnson v. State, does not support
appellant=s argument that a Asystematic criminal intent@ must be proved by the State.  See 
Johnson, 187 S.W.3d 591, 603B04 (Tex. App.CHouston [14th Dist.] 2006, pet. ref=d). 
Instead, Johnson reviewed the legal and factual sufficiency of
the evidence to support whether Aa rational juror could have found
that [Johnson=s] acts constituted one scheme or
continuing course of conduct.@  Id. at 603.  Applying the standards for legal and factual
sufficiency discussed above, we hold (1) there was legally sufficient evidence
for the jury to infer one scheme or continuing course of conduct on appellant=s part and (2) the evidence is not
factually insufficient in that regard. 
Accordingly, we overrule point of error four.[1]

In
point of error five, appellant contends the trial court erred in denying his
motion for a directed verdict regarding his transaction with Roger Krenek and
Towana Krenek.  At trial, appellant
argued as follows: AThey [the Kreneks] indicated that their property is in
Porter, which is outside of Harris
 County.  It=s not in Harris County.  There=s not any evidence that any of the
work was done in Harris County; and therefore, with respect to that particular
allegation, I believe that it would be appropriate to file a motion for . . .
directed verdict as to that incident only.@ 
The State responded that under aggregation, it is unnecessary for all
the conduct to occur in the same county. 
The State also introduced evidence that appellant cashed the Kreneks= checks in Harris County.

On
appeal, appellant cites no authority for his proposition that a single
aggregated offense under section 31.09 must consist only of conduct that occurs
in the same county.  In fact, the Court
of Criminal Appeals has held that when theft is aggregated into a single
offense section 31.09, the proper county for prosecution is any county in which
any of the aggregated conduct occurred, or any element of the conduct.  See
 State v.
Weaver, 982 S.W.2d 892, 893 (Tex. Crim. App. 1998).  We overrule point of error five.

In
point of error six, appellant argues that the State failed to prove the “actual
aggregate amount of money allegedly taken by appellant.”  Appellant=s complete argument is








All persons are
presumed to be innocent and no person may be convicted of an offense unless
each element of the offense is proved beyond a reasonable doubt.  Tex.
Penal Code §2.01.  In the instant case,
there was a plethora of testimony regarding the contract amounts for each
complainant, the partial payments that each complainant made on the contract,
as well as the fact that Appellant partially performed under each
contract.  Consequently, the contract
amount per complainant does not apply since none of the complainants paid the
respective contract and/or modified contract amount.  Partial payments that each complainant
testified that they paid correspondent to either materials to be purchased or
work to be performed and all testified that Appellant partially performed.  Consequently, the record is not clear beyond
a reasonable doubt with any of the complainants as to how to determine the
amount of money allegedly taken by Appellant with criminal intent with each
complainant, much less the cumulated aggravated amount to meet the threshold of
a felony.

 

Other than a
reference to Penal Code section 2.01, this point of error is not accompanied by
any substantive argument with citation to the record and authority.[2]

The
State introduced evidence that the complainants directly paid appellant
$44,983, which has a value of $20,000 or more but less than $100,000.  We have already overruled appellant=s argument that legally and factually
insufficient evidence exists of intent to commit theft through deception.  We therefore interpret point of error six as
a legal sufficiency argument that the State did not prove that the amount
actually paid by the complainants, further reduced by the value of appellant=s later “partial performance,”[3]
was $20,000 or more but less than $100,000.

Appellant
cites no authority for the proposition that if a person unlawfully appropriates
property and later gives something of value (goods or services) to the property
owner, then the State bears the burden of proof to offset the amount of the
unlawfully appropriated property by the value of the later-bestowed goods or
services. The concurrence suggests that Penal Code section 31.08(d) requires a
deduction for the “partial performance” rendered.  See Tex.
Penal Code Ann. § 31.08(d) (Vernon 2003).[4]  If the offense were committed at the time
appellant ceased work on each of the jobs, then section 31.08(d) might well
apply.  The offense, however, occurred at
the time of the original deceptions. 
Because the Penal Code requires value to be determined at the time and
place of the offense, appellant=s post-offense conduct is not relevant to determining
value.  See Tex. Penal Code Ann. § 31.08(a)
(Vernon 2003). 








Nevertheless,
even if section 31.08(d) was applicable, it was appellant’s burden to
prove the amount of the offset.  See
Tex. Penal Code Ann. § 31.08(d) (“If
the actor proves by a preponderance of the evidence . . . the amount . . . so
proven shall be deducted from the value of the property or service ascertained[.]”).  In this case, in order for the record to
establish that the value of the property was less than $20,000, appellant would
have had to prove at trial, by a preponderance of the evidence, that the amount
of the offset was greater than $24,983 ($44,983 minus $20,000).

Appellant
does not cite to any portion of the record establishing that he proved at
trial, by a preponderance of the evidence, that the aggregate value of his “partial
performance” for all four jobs exceeded $24,983, and we have found no evidence in
the record that establishes a value in such amount.[5]  Testimony from the complainants, as described
in detail in the concurrence, demonstrates that any offset for “partial
performance” to which appellant might have been entitled would be less than $24,983.[6]


Viewing
the evidence in the light most favorable to the verdict, the record supports
that appellant appropriated an amount of $20,000 or more but less than
$100,000, and that appellant did not prove, by a preponderance of the evidence,
that such value should be reduced by an amount greater than $24,983.  

We
overrule point of error six.




Conclusion

We affirm the
judgment of the trial court.

 

 

 

Jim Sharp

Justice

 

 

Panel consists of Justices Bland, Sharp, and Taft.[7]

 

Justice Bland, concurring.

 

Publish.  Tex. R. App. P. 47.2(b).











[1]        We
assume, without deciding, that inherently dissimilar kinds of theft, e.g.,
appropriating a cow in West Texas and appropriating a checkbook in Dallas, would be
susceptible to a legal- and factual‑sufficiency challenge if they were
aggregated into a single offense.





[2]        AAll persons are presumed to be innocent and no person
may be convicted of an offense unless each element of the offense is proved
beyond a reasonable doubt.  The fact that
he has been arrested, confined, or indicted for, or otherwise charged with, the
offense gives rise to no inference of guilt at his trial.@  Tex. Penal Code Ann. § 2.01 (Vernon
2003). 





[3]        We need not, and do not, determine whether
valid contracts existed.





[4]        Section 31.08(d) provides:

 

If the actor proves by a
preponderance of the evidence that he gave consideration for or had a legal
interest in the property or service stolen, the amount of the consideration or
the value of the interest so proven shall be deducted from the value of the property
or service ascertained under [the other subsections of section 31.08 pertaining
to calculation of value for purposes of theft chapter of penal code.]

 

Tex.
Penal Code Ann.
§ 31.08(d) (Vernon 2003).





[5]        Although
appellant and his wife testified as to certain amounts spent by him or “owed”
to him related to various jobs, no evidence was offered as to the specific value
of appellant’s actual “partial performance” on the four jobs. 





[6]        Using the
calculations in the concurring opinion, the offset would at most be $22,913
($44,983 minus the $22,070 for which no value was given).

 

          We note also that testimony from the complainants regarding
the amount they paid contractors to complete the work or their own estimate of
the amount of work done, might give some indication of the value of the work
done by appellant. Thomasson testified that he paid another contractor $3,800
to finish the work.  Mark Manderscheid
testified that he completed the work himself for an estimated cost of
$15,000.  Lonnie Friend testified that
she estimated that appellant had performed 30 percent of the job he said he
would do, for which she paid $9,175. 
(Towana Krenek testified that the amount spent by the Kreneks to
complete the job exceeded the amount paid to appellant, providing no evidence
which might assist in calculating the value of the job done.) Even utilizing
these figures, in conjunction with the amounts paid by complainants, to
estimate the value of work done by appellant on the jobs, the total “offset”
based on this evidence would still be less than $24,983.

 





[7]        Justice
Tim Taft, who retired from the First Court of Appeals effective June 1, 2009,
continues to sit by assignment for the disposition of this case, which was
submitted on March 24, 2009.